NATIONAL LIFE & ACCIDENT INSURANCE COMPANY V.
LEMMIE C. DOVE.

No. 8089. Decided July 7, 1943.
Rehearing overruled October 20, 1943.
(174 S. W., 2d Series, 245.)

*Mantooth & Denman* and *K. W. Denman,* all of Lufkin, for petitioner.

It was error for the Court of Civil Appeals to hold that the mere allegation that demand for payment had been made in writing at least thirty days before the filing of this suit and that defendant had refused to pay any part thereof and for that reason was liable for twelve per cent penalty and attorney's fee, met the requirement of Article 4736, R. C. S., and entitled the respondent, Dove, to judgment, and that said allegation constituted a "proper demand" within the contemplation of said statute. Southland Life Ins. Co. v. Norton, 5 S. W. (2d) 767; General Life Ins. Co. v. Potter, 124 S. W. (2d) 409; Texas Emp. Ins. Assn. v. Mints, 10 S. W. (2d) 220; Caulk v. Anderson, 120 Texas 253, 37 S. W. (2d) 1008.

*Musselwhite & Fenley,* of Lufkin, and *Francis M. Chaney,* of Dallas, for respondent.

It was not error for the Court of Civil Appeals to find that the evidence was sufficient to sustain the trial court's finding of fact that demand for attorney's fees had been made and that the sum of $200.00 was reasonable. American Natl. Ins. Co. v. Mays, 97 S. W. (2d) 975; Acme Life Ins. Co. v. White, 99 S. W. (2d) 1059, and cases cited in the opinion.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Lemmie C. Dove recovered a judgment in the lower court in the sum of $650.00 alleged to be due him as sick benefits under an insurance policy, and the sum of $200.00 as attorney's fees, and $75.00 as penalty. The Court of Civil Appeals affirmed the judgment. 167 S. W. (2d) 257.

We granted the writ of error because of the allowance of the recovery of attorney's fees and the penalty. We were in doubt as to whether sufficient demand had been made to authorize such recovery.

Revised Statutes Article 4736 reads in part as follows:

"Art. 4736. In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss to-

gether with reasonable attorney fees for the prosecution and collection of such loss."

The record shows that the insured became ill in February, 1940, and was confined to his bed continuously thereafter. The company paid him two weekly benefit installments for illness that occurred during that month. The agent of the company called on the insured on April 2nd ,and advised him that his health and accident policy had been cancelled. He wrote the company on April 3rd protesting the cancellation and insisting that the policy was still in force. On April 9th the insured's attorneys wrote the company, but the contents of that letter are not in the record. On April 12, 1940, the' insurance company wrote the insured's attorney in part as follows:

"We have your letter of April 9th in regard to our policies W-17347530 and E-17347531, both issued by this company on the life of Lemmie C. Dove."

The company promised prompt consideration of the matter. On May 25, 1940, the attorneys for the insured wrote the insurance company as follows:

"Enclosed herewith we hand you medical proofs to establish a claim for Lemie C. Dove against you on account of illness beginning May 1, 1940 up to and including May 22, 1940. While the claimant has not yet recovered, he is filing this claim covering his illness to date. The claimant carries a sick and accident policy with your Company, and if this proof of illness is not satisfactory, please advise me what further proof you desire in order to satisfy you that the claim is a just and meritorious one. Kindly give this matter your very immediate attention."

The Company replied by letter of May 29th as follows:

"This acknowledges your letter of May 25th with which you sent us disability claims filed by Lemmie C. Dove. We are today writing to our district office manager in Tyler, Texas, Mr. J. W. Patton, 402 Citizens National Bank Building, who has supervision of the Company's business in Lufkin, asking that he please investigate the claims and see that our representative calls on you. We can assure you that you will be contacted in this matter as soon as possible."

On July 19, 1940, the insurance company wrote the attorneys for the insured as follows:

"This has reference to your further correspondence dated July 16th concerning Lemmie C. Dove formerly insured under this Company's policies W-17347530 and E-17347531. In the provisions of the policy contract the Company reserved for itself the right of cancellation of policy W-17347530 and according to our information, notice of such cancellation was given to the insured under date of April 2, 1940. It is, therefore, considered that the claims forwarded to us by you with your letter of May 25th for disability beginning May 1st, up to and including May 22nd are invalid because of the cancellation as of April 2, 1940, of the policy under which they were filed. Under these circumstances and in accordance with the terms of the policy contract, we feel that the Company has no liability for payment of the claims."

■ We are of the opinion that the above correspondence evidences a sufficient demand within the meaning of the statute. In order to meet the terms of the statute it is not indispensable that the demand be evidenced by firm and commanding language. It may be couched in the customarily-used polite language of the day. All that is required is the assertion of the right under the contract and a request for compliance therewith. In the case of Penn Mutual Life Insurance Co. v. Maner, 101 Texas 553, 564, 109 S. W. 1084, this Court had the above statute under consideration, and it was there held that it was not necessary to use the word "demand" in order to meet the requirements of the statute. It was there said:

"Bouvier defines the word 'demand' thus: 'A requisition or request to do a particular thing specified under a claim of right on the part of the persons requesting.' (9 Am. & Eng. Ency., Law p. 198). A demand being a request to do a particular thing specified under a claim of right, it follows that a request to do the same thing under the same claim of right would be equivalent to a demand for the same thing. * * * It does not matter in what terms the demand may be couched, the substance of it is that there is an assertion of a right and a demand for the recognition and performance of the obligation upon which such right rests."

It will be noted that in the letter to the company of date May 25th the attorneys for the insured state that "he is filing this claim covering his illness to date," and requests that it be given "immediate attention." The company in its letter of May 29th states: "This acknowledges your letter of May 25th *with which you sent us disability claims* filed by Lemmie C. Dove." In its letter of July 19th the company states: "It is, therefore, con-

sidered that *the claim forwarded to us by you* with your letter of May 25th for disability beginning May 1st, up to and including May 22nd are invalid because of the cancellation as of April 2, 1940, of the policy under which they were filed. Under these circumstances and in accordance with the terms of the policy contract, we feel that *the Company has no liability for payment of the* claims." (All italics ours.) It will be seen that the company recognized that a claim for payment had been filed, and it denied all liability under the policy. As said by this Court in Great Southern Life Insurance Co. v. Johnson (Com. App.), 25 S. W. (2d) 1093:

"The company is not in position to assert that no demand for payment was made, because it treated the letter from plaintiff's attorney as a demand for payment."

■ The contract was one providing for the payment of sick benefit installments for a period of fifty-two weeks. The demand was for the immediate payment of only the weekly installments due under the policy from May 1st up to and including May 22nd, but the claim, as filed, informed the insurance company that the insured had been ill since May 1st and had not then recovered, and called upon the company to recognize its obligation under the contract to begin performance thereof. The company recognized the claim as a demand for performance, but after due investigation not only denied the claim but repudiated the contract. It is apparent that further demand would have been useless. The statute does not require that the demand state the amount of the claim. In the case of National Life Insurance Co. v. Mouton (Com. App.), 113 Texas 224, 252 S. W. 1040, the Court had under consideration a case in which a claim for $280.00 had been made under circumstances where there was a liability for only $140.00. In that case the Court called attention to the fact that the matter of calculating the amount due under a policy was sometimes a difficult and complicated one which could easily be performed by the insurance company, but not by the insured or his beneficiary, and the Court there said:

"The article under consideration does not in terms provide that the demand therein required shall state the exact amount, or any particular amount, claimed to be due under the policy." Further or in the same opinion it was said:

"Regardless of the amount demanded by the beneficiary, it can discharge its full duty in the premises, and absolve itself from liability under said article by paying or offering to pay the amount actually due within the time so specified. The duty to do so is, in our opinion imposed, at least by implication, by the

terms of said article. In this case appellant never admitted its liability in any sum whatever. It contested appellee's demand, after she reduced the amount thereof, as vigorously as it did before."

See also in this connection Mid-Continent Life Ins. Co. v. Selmon (Tex. Civ. App.), 16 S. W. (2d) 374, pars. 1, 2, and 3; American National Ins. Co. v. Hawkins (Tex. Civ. App.), 189 S. W. 330, par. 4.

■ We hold that the demand was sufficient to invoke liability for the penalty and attorney's fees provided for in the statute.

The judgments of the trial court and the Court of Civil Appeals are affirmed.

Opinion delivered July 7, 1943.

Rehearing overruled October 20, 1943.