**JOHNSON v. WOODMEN OF THE WORLD LIFE INS. SOC.**

No. 9632.

Court of Civil Appeals of Texas. Austin.

May 14, 1947.

Tyson, Dawson & Dawson, by Matt Dawson, of Corsicana, for appellant.

Taylor & McWilliams, by C. W. Taylor, all of Corsicana, for appellee.

HUGHES, Justice.

Mrs. Ollie Sue Johnson, appellant, is the widow of John D. Johnson, who died May 19, 1945, as the result of a wound inflicted by a straight razor while shaving or preparing to shave. She is also the beneficiary under an insurance policy held by her husband, at the time of his death, with appellee, Woodmen of the World Life Insurance Society. This suit was for recovery upon such policy and for 12% penalty and attorney's fees under Art. 4831a, Vernon's Ann.Civ.St.

Upon a trial before a jury, the jury found that Mr. Johnson did not die by his own hand; and that $600 was a reasonable fee for appellant's attorneys. Appellant made motion for judgment upon the verdict of the jury, and appellee made motion to disregard the verdict of the jury in so far as the attorney's fees were concerned. The court granted this latter motion and rendered judgment against appellee for the face value of the insurance policy, but denied recovery of attorney's fees and penalty.

Appellee did not appeal, and the only substantive question raised by appellant is with regard to her right to recover the penalty and attorney's fees under the above statute. This question in turn depends upon whether or not a demand had been made as required by such article.

In compliance with the rules of the appellee insurance company, appellant prepared, executed and forwarded to the appellee company a proof of death, in which she stated: "The cause of his (Mr. John D. Johnson) death being suicide."

On November 15, 1945, appellant through her attorneys wrote appellee as follows:

"Mrs. Ollie Sue Johnson has handed us your letter of July 2, 1945, to which you attach your warrant No. 12–86211, in the sum of $132.68.

"Your warrant is returned herewith and the tender thereof declined.

"Your letter of July 2nd is somewhat vague as to why you contend that your Society incurred no liability by reason of the death of Mr. Johnson, and in this connection we beg to say that if the Proofs of Death were in anywise deficient, we stand ready to submit additional evidence.

"We assume that by reason of your tendered refund of premium, that you raise no contention as to the policy being in good standing and full force.

"We, therefore, solicit a frank expression from you as to why you have not paid the $3,000 benefits provided in the policy, and we assure you that if there be any formal matter which has not been complied with, we stand ready to make proof of claim, etc., in harmony with your requirements."

This letter was answered by appellee on November 23, 1945, and in part stated:

"The papers with reference to the claim for death benefit under this benefit certificate are now before us and show clearly that the deceased came to his death of his own hand or act, and as he died within two years from the date of the benefit certificate the latter is null and void under the terms of the contract, and our claim department was therefore obliged to deny liability thereunder."

■ The record does not show this latter communication to have been answered by appellant or by anyone for her. Appellee states in its brief that from the date of the death of John D. Johnson until the appellant took the witness stand upon the trial of this case, it was never advised that the death of John D. Johnson resulted other than by his own hand, and that not until such time was it informed that appellant had changed her mind about the cause of her husband's death being suicide. Whether this statement is correct or not we are unable to determine from the record, because only a partial statement of facts has been filed in this court. There is no evidence in the record before us that appellee was ever advised by appellant or anyone else that Mr. Johnson did not commit suicide. Nor is there any evidence in the record to indicate that the Company had any reason to believe that he did not do so.

Art. 4831a, Vernon's Ann.Civ.St., provides:

"Liability for damages and attorney's fees on failure to pay within sixty days after demand.

"Provided that when a Fraternal Benefit Society operates under the provisions of this Act, and in all cases where a loss occurs and the society liable therefor shall fail to pay the same within sixty (60) days after the demand therefor, such society shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney's fees for the prosecution and collection of such loss."

Art. 4736, Vernon's Ann.Civ.St., which applies to certain insurance companies, provides, in part:

"In all cases where a loss occurs and the life insurance company, or accident insurance company, or life and accident, health and accident, or life, health and accident insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss."

The similarity of these two statutes is apparent, and the construction given to one should be given to the other.

In National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245, the court quoted with approval the definition of the word "demand" given in the case of Penn Mutual Life Ins. Co. v. Maner, 101 Tex. 553, 109 S.W. 1084, in construing Art. 4736, as follows [141 Tex. 464, 174 S.W.2d 247]:

" 'Bouvier defines the word "demand" thus: "A requisition or request to do a particular thing specified under a claim of right on the part of the persons requesting." 9 Am. & Eng. Ency. Law, p. 198. A demand being a request to do a particular thing specified under a claim of right, it follows that a request to do the same thing under the same claim of right would be equivalent to a demand for the same thing. * * * It does not matter in what terms the demand may be couched. The substance of it is that there is an assertion of a right and a demand for the recognition and performance of the obligation upon which such right rests.' "

Suicide, under the contract of insurance, was a defense to appellant's suit.

■ It is apparent, therefore, that appellee was not liable upon the policy if the statement contained in appellant's proof of death that Mr. Johnson committed suicide was correct. This proof of death, which constituted appellant's claim, was invalid upon its face and certainly was not a claim of right upon which any request for the payment of such policy could be properly based. If the appellee, insurance company, had paid such claim upon the sole representation contained in the proof of death, it would have done so in violation of the trust imposed upon its officers, whose duty it was to pass upon the validity of such claim with regard for the rights of the Company as well as of the beneficiary. Representation to the insurance company that Mr. Johnson had killed himself, but nevertheless demanding that the face of the policy be paid, was the equivalent of

saying that while it did not owe the amount of the policy, payment should be made anyway.

If an insurance company is to be held liable for penalties and attorney's fees under these facts, then it would be possible for such companies to be made liable for such penalties and fees in every case, in that a beneficiary could give to the company false information showing no liability, and upon which such company could not in good faith and in discharge of its trust obligations approve, and, upon demand being made by the beneficiary for the prescribed length of time for the payment of such invalid claim, suit could be brought, the true facts then revealed showing liability of the company, and upon a recovery the assessment of the penalty and attorney's fees would automatically follow. This would lead to virtual entrapment of insurance companies into liability for penalties and fees, which they might not have incurred had the true facts been presented in the first instance.

We are, therefore, of the opinion that regardless of how often or in what manner appellant or her attorneys requested payment of this claim, which was invalid upon its face, in view of the total absence of any evidence showing that the representation as to suicide had been in some manner retracted or shown to be untrue, that a request for payment under a claim of right (demand) has not been shown, and that appellant is not entitled to recover the 12% penalty and attorney's fees provided for in Art. 4831a, Vernon's Ann.Civ.St.

A vexing question remains as to the regularity of the proceedings with reference to the motion filed by appellee to disregard the special issue as to the amount of attorney's fees. Appellant asserts that the trial court erroneously considered this motion, for the reason that she had no notice thereof as required by Rule 301, Texas Rules of Civil Procedure.

The record before us does not show any notice, nor does it show any facts from which it could be held that such notice was waived.

The trial court was, therefore, not authorized to consider and grant such mo-

tion. Hines v. Parks, 128 Tex. 289, 96 S. W.2d 970. It does not follow, however, that a new trial should be granted, but only that this cause be reversed with instructions to proceed as to all matters which have arisen or which may arise subsequent to the verdict of the jury. Wheeler v. Wallace, Tex.Civ.App., 167 S. W.2d 1043, and authorities there cited.

Reversed and remanded with instructions.