## DALLAS RAILWAY & TERMINAL CO.
### v. GENTLE et al.
### No. 9765.

Court of Civil Appeals of Texas. Austin.

Feb. 9, 1949.

Rehearing Denied Feb. 23, 1949.

Burford, Ryburn, Hincks & Ford, and R. L. Cole and Robert B. Hincks, all of Dallas, for appellant.

Price Daniel, Atty. Gen., of Texas, and W. V. Geppert and Dean J. Capp, Asst. Attys. Gen., for appellees.

ARCHER, Chief Justice.

Dallas Railway & Terminal Company, as plaintiff, instituted this action under the provisions of Art. 7057b, Vernon's Ann. Civ.St., against Ben F. Gentle, Tax Assessor and Collector for Dallas County, Texas, Jesse James, State Treasurer, and Price Daniel, Attorney General, for the recovery of $5,589 in vehicular registration fees paid by plaintiff to the State under protest. The 53rd District Court of Travis County, Texas, heard the cause upon an agreed statement of facts and without the assistance of a jury. Dallas Railway & Terminal Company appeals from the judgment of the Travis County District Court that it take nothing by its suit.

This cause was tried upon an agreed statement of facts, which may be summarized as follows:

Dallas Railway & Terminal Company, a Texas corporation, is the owner of fifty-four electric-powered trackless trolley coaches, each having a capacity of forty-four passengers. These coaches run on pneumatic rubber tires and operate through attachment by way of trolleys to overhead electric wires. Each coach contains an electric motor which receives its power from an overhead electric wire which is kept charged with electricity during operating hours by a central generating plant owned and operated by Dallas Power & Light Company, a non-affiliated Texas cor-

poration. These trackless trolley coaches are operated entirely within the City of Dallas by Dallas Railway & Terminal Company in its capacity as common carrier of passengers for hire.

On March 23, 1948, the State Highway Department demanded that Dallas Railway & Terminal Company register these trackless trolley coaches in accordance with the provisions of the Texas Vehicular Registration Statutes, Art. 6675a—1 through Art. 6675a—17, V.A.C.S., as last amended, Acts 50th Leg. 1947, and that Dallas Railway & Terminal Company pay to the Dallas County Tax Collector $5,589 in license fees for such registration. The Company, although contending that such demand was and is unlawful and unauthorized, duly paid the fees demanded, and accompanied the payment with a written letter of protest as prescribed by Art. 7057b, V.A.C.S.

The sole and controlling issue in this appeal, as stipulated by the parties in the agreed statement of facts before the trial court, is as follows:

Is Dallas Railway & Terminal Company, as the owner of the electric-powered trackless trolley coaches herein mentioned, required to register them for the Motor Vehicle Registration Year covering the period April 1, 1948, to March 31, 1949, inclusive, and to pay license fees for such registration, under the provisions of the Texas Vehicular Registration Statutes, Art. 6675a—1 through Art. 6675a—17, V.A.C.S., as last amended, Acts 50th Leg. 1947?

■ We believe that the appellants are required to register its coaches and to pay the license fees, and consequently not entitled to recover the sum of $5,589 paid as license fees paid under protest; and further that the money should be transferred from the suspense fund to the appropriate funds of the State in accordance with Art. 7057b, V.A.C.S.

The appellant claims that it is not required to register its trackless trolley coaches, and not required to pay license fees for such registration, not being a motor vehicle, trailer or semi-trailer.

■ We believe that it was the legislative intent to tax all vehicles within the definition of a street and suburban bus.

"Section 1. * * * be amended by adding a new subsection after subsection (r) thereof to be designated as subsection (s) and which shall hereafter read as follows:

"'(s) "Street or suburban bus" shall include every vehicle, except a motor bus or passenger car as defined in this Act, which is used in transporting persons for compensation (or hire) exclusively within the limits of cities and towns or suburban additions to such cities or towns.'

"Sec. 2. That Section 5 of Chapter 88, Acts, 1929, Forty-first Legislature, Second Called Session, be amended to hereafter read as follows:

"'Section 5.

"'The annual license fee for the registration of a motorcycle shall be Five Dollars ($5) and for each sidecar Three Dollars ($3). The annual license fee for the registration of a passenger car and a street or suburban bus shall be based upon the weight of a vehicle * * *.'" H.B. 57, c. 425, Acts 50th Leg. 1947.

In the caption of H. B. 57 we find these words: "to define street or suburban bus; * * * to establish the annual license fee for the registration of a street or suburban bus".

That the trackless trolley is a vehicle is not questioned.

Art. 6675a—1, V.A.C.S.:

"(a) 'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks.

"(b) 'Motor Vehicle' means every vehicle, as herein defined, that is self-propelled."

■ We do not believe that the trackless trolley is within the exemption in Art. 6675a—2. Cooley on Taxation, 4th Edition, Vol. 2, p. 1369.

In Bean v. Reeves, Tex.Civ.App., 77 S.W.2d 737, a specific exemption had been provided for implements of husbandry under Art. 6675a—2, while there is no specific exemption allowed to trackless trolley buses under this Article.

The judgment of the trial court is affirmed.