**DALLAS RAILWAY & TERMINAL CO.**

**v.**

**GENTLE et al.**

**No. 10184.**

Court of Civil Appeals of Texas.

Austin.

Jan. 13, 1954.

Rehearing Denied Feb. 3, 1954.

Burford, Ryburn, Hincks & Ford, Roy L. Cole, Dallas, for appellant.

John Ben Shepperd, Atty. Gen., W. V. Geppert, William W. Guild, Asst. Attys. Gen., for appellees.

GRAY, Justice.

Appellant has appealed from a judgment denying it a recovery of $3,433.44 paid under protest. Art. 7057b, Vernon's Ann.Civ. St. This sum of money was demanded and was paid as motor vehicle use taxes. Sec. 2 of art. 7047k, as amended in 1951 by the 52nd Legislature.

A nonjury trial was had upon an agreed statement of facts. This statement is summarized by appellant in its brief which summary is agreed to be correct by appellees. We quote the summarized statement:

"On or about November 23, 1951, Dallas Railway & Terminal Company, a Texas corporation, purchased at retail sale outside the state sixteen (16) Marmon-Herrington electric trackless trolley coaches, License Numbers 8C2555–8C2570, inclusive, and brought the said electric trackless trolley coaches into this state for use exclusively within the city limits of Dallas, Texas, by plaintiff in its capacity as a common carrier of passengers for hire and operator of a street railway and bus system in the City of Dallas. These coaches run on pneumatic rubber tires and operate through attachment by way of trolleys to overhead electric wires. Each coach contains an electric motor which receives its power from an overhead electric wire which is kept charged with electricity during operating hours by a central generating plant owned and operated by Dallas Power & Light Company, a non-affiliated Texas corporation. These coaches cannot operate except when in contact through their trolleys with these fixed overhead wires.

"On August 14, 1952, the Comptroller of Public Accounts demanded that Dallas Railway & Terminal Company pay to the Tax Assessor and Collector of Dallas County, Texas, a use tax on the trolley coaches above referred to under the provisions of Article 7047k, Tex.Rev.Civ.Stat., as last amended, Acts 1951, 52d Leg., p. 695, Chap. 402, Sec. VII. The Company, although contending that such demand was and is unlawful and unauthorized, duly paid the fees demanded and accompanied the payment with a written letter of protest as prescribed by Art. 7057b, Tex.Rev.Civ.Stat.

"* * * * * *"

The parties agreed before the trial court that the sole question to be determined is:

"Are the said trackless trolley coaches 'motor vehicles' within the definition

of that term in Article 7047k–1, Section 3(c), Texas Revised Civil Statutes, as last amended, Acts 1951, 52nd Legislature, page 695, chapter 402, Section VII (Section 3)?"

Sec. 2(a) of Art. 7047k, as amended, Acts 1951, 52d Leg., p. 695, ch. 402, Sec. VII, § 2 at page 702, is:

"There is hereby levied a use tax upon every motor vehicle purchased at retail sale outside of this State and brought into this State for use upon the public highways thereof by a resident of this State or by a person, firm or corporation domiciled or doing business in this State. Such tax shall be equal to one and one-tenth per cent (1.1%) of the total consideration paid or to be paid for said vehicle at said retail sale. The tax shall be the obligation of and be paid by the person, firm, or corporation operating said motor vehicle upon the public highways of this State."

Sec. 3(c) of said amended Article is:

"The term 'motor vehicle' as used in this Act shall mean every self-propelled vehicle in or by which any person or property is or may be transported upon a public highway, including trailers and semitrailers, but shall not mean any device moved only by human power or used exclusively upon stationary rails or tracks and shall not include farm machinery or farm trailers or road building machinery or any self-propelled vehicle used exclusively to move any of the three immediately preceding vehicles."

In Dallas Railway & Terminal Co. v. Gentle, 218 S.W.2d 259, error ref., decided by this Court in February, 1949, we held that trackless trolley coaches of the identical kind and character in question here were required to be registered under the vehicular registration laws. In that opinion we referred to art. 6675a–2 in our statement of the question to be determined but we did not quote the article. We now

quote the pertinent portion of then art. 6675a–2, Vernon's Ann.Civ.St.:

"Every owner of a motor vehicle, trailer or semi-trailer used or to be used upon the public highways of this State shall apply each year to the State Highway Department through the County Tax Collector of the county in which he resides for the registration of each such vehicle owned or controlled by him for the ensuing or current calendar year or unexpired portion thereof; * * *."

Further, in our opinion, supra, we quoted the definition of "Motor Vehicle" from art. 6675a–1, Vernon's Ann.Civ.St., as follows:

"(b) 'Motor vehicle' means every vehicle, as herein defined, that is self propelled."

Sec. (a) of art. 6675a–1, supra, is:

"'Vehicle' means every device in, or by which any person or property is or may be transported or drawn upon a public highway, except devices moved only by human power or used exclusively upon stationary rails or tracks."

Of necessity we determined that the trackless trolley coaches in question there (the same being of the identical kind and character in question here) were motor vehicles within the meaning of art. 6675a–1(b), supra. Otherwise we could not have reached our conclusion that the same were required to be registered under art. 6675a–2, supra.

We also held that the trackless trolley coaches were not within the exemptions named in said art. 6675a–2.

■ The foregoing statements are a sufficient answer to the argument here made that the coaches are not self propelled and for that reason are not motor vehicles. We necessarily decided that issue in our opinion, supra.

Since our above opinion, the Legislature, Acts 1953, 53d Leg., p. 798, ch. 324, Sec. 1,

amended art. 6675a–2, supra, but made no change as to the requirement for the registration of motor vehicles except to enlarge the exemptions. However, trackless trolley coaches were not included in the named exemptions. Neither are they included in the named exemptions in the 1951 amendment of art. 7047k–3(c), supra, nor were they named in the exemptions of that article prior to its amendment.

In 1951, the Legislature in amending art. 7047k, in the title to the Act, declared its purpose to be:

> " * * * to increase the tax therein levied upon the retail sale of every motor vehicle sold in this State, or purchased at retail sale outside of this State, and brought into the State for use, by further defining the term 'Motor Vehicle' ".

The Act defines the term "Motor Vehicle" as quoted above. Art. 7047k, Sec. 3(c), supra.

█ It is proper to assume that the Legislature in 1951, and in 1953, was familiar with our holding that trackless trolley coaches were motor vehicles and were not included in the then named exemptions, and that it was satisfied with such holding for otherwise it would have so enacted the amendments supra as to exclude such coaches from said articles. This conclusion is further strengthened by the fact that in 1951, the 52nd Legislature, was familiar with trackless trolley coaches because it passed the Texas Motor Vehicle Safety Responsibility Act, art. 6701h, Vernon's Ann. Civ.St., Section 1, art. 1, declares that when words and phrases are used in the Act that, for the purposes of the Act, they shall have the meaning ascribed to them except where a different meaning is clearly indicated. Subsection 3, § 1 of the Article is:

> " 'Motor Vehicle'—Every self-propelled vehicle which is designed for use upon a highway, including trailers and semi-trailers designed for use with such vehicles (except traction engines, road rollers and graders, tractor cranes, power shovels, well drillers and implements of husbandry) and every vehicle which is propelled by electric power obtained from overhead wires but not operated upon rails."

Thus it is established that trackless trolley coaches were a subject of legislative enactment subsequent to our opinion in Dallas Railway & Terminal Co. v. Gentle, supra, with no indication of an intent to change the effect of that holding except to specifically include such coaches in art. 6701h, supra.

Appellant argues that because the Legislature expressly included trackless trolley coaches in subsec. 3 of art. 6701h, supra, and because it could have but did not so include them within the definition of "motor vehicle" in amended art. 7047k, Sec. 3(c), supra, there is conclusive evidence of a legislative intent not to include them. A sufficient answer to this argument is, as we have said supra, the Legislature was satisfied with the construction given to the term "motor vehicle" in our former opinion, but saw fit to extend the meaning of the term in its definition of "motor vehicle" contained in the Motor Vehicle Safety Responsibility Act for the purpose of that Act only. Legislative intent and reason for enacting art. 6701h, and defining motor vehicle for the purpose of the Act, lies in the fact that it had in mind benefits and protection to all those persons who may have claims arising from the use of the vehicles. The title of the Act removes this statement from conjecture. The purpose of the enactment of art. 6675a–2 was registration and identification of the vehicle while art. 7047k had for its purpose the increase of taxes upon motor vehicles purchased at retail sales outside of the State and brought into the State for use here.

█ Our opinion supra received the approval of the Supreme Court by that Court's refusal of a writ of error which was sufficient to constitute our construction of the former art. 6675a–2 a part of the amended art. 6675a–2. Texas Fidelity & Bonding Co. v. City of Austin, 112 Tex. 229, 246 S. W. 1026; International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.2d 1040, 1043.

Further there is similarity of art. 6675a–2 and art. 7047k and the construction given to one should be given to the other. Johnson v. Woodmen of the World Ins. Soc., Tex.Civ.App., 203 S.W.2d 331.

Because it is our opinion that the question before us is settled by the decision of our own jurisdiction we think it is not necessary to discuss or refer to authorities from other jurisdictions cited by appellant.

The judgment of the trial court is affirmed.

Affirmed.