### CONTINENTAL AMERICAN LIFE INSURANCE COMPANY, Appellant,

### v.

### Jessie McCAIN, Appellee.

### No. 6876.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 23, 1967.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellant.

John Seale, Jasper, for appellee.

STEPHENSON, Justice.

This is a suit on an insurance policy, for disability benefits. Trial was by jury and judgment was rendered for plaintiff. The parties will be referred to here as they were in the trial court.

Defendant contends first that the undisputed evidence shows that plaintiff gave no notice of claim for disability and made no proof of loss as required by the insurance policy.

The portions of the policy pertaining to notice of claim and proof of loss are as follows:

"Written notice of claim must be given to the Company within twenty days after the occurrence or commencement of any loss covered by this Policy. Notice given by or on behalf of the claimant to the Company at its Home Office in Houston, Texas, with information sufficient to identify the individual whose injury or sickness is the basis of claim shall be deemed notice to the Company. The Company, upon receipt of such notice, will furnish forms for filing proof of loss. If such forms are not furnished within fifteen days after the receipt of such notice, the claimant shall be deemed to have complied with the requirements of this Policy as to proof of loss upon submitting written proof of such loss in accordance with the provisions of the next succeeding paragraph.

"Written proof covering the occurrence, character and extent of the loss for which claim is made must be given to the Company within ninety days after the termination of the period for which the Company is liable with respect to any loss for which this Policy provides payments contingent upon continuing loss; otherwise, within ninety days after the date of the loss for which claim is made. Failure to furnish notice or proof within the time fixed in this Policy will not invalidate or reduce any claim if it shall be shown that it was not reasonably possible to furnish such notice or proof on time and that it was furnished as soon as was reasonably possible."

The evidence shows that plaintiff was injured while working for C. N. Bishop February 24, 1965. At such time Bishop carried the group insurance policy herein sued upon, with defendant. Plaintiff was employed by Bishop to cut and haul pulpwood, and injured himself while picking up a large stick of wood. Plaintiff went to see a doctor a day or two after the injury, and was admitted to the hospital the next day and operated upon for hernia the following day. The hospital records show plaintiff was admitted to the hospital March 2, 1965, had surgery March 3, 1965 and was dismissed March 9, 1965. An exhibit was introduced in evidence containing a statement from plaintiff taken at the time he entered the hospital, dated March 2, 1965 and signed by a "mark" which showed the nature of the injury to be "hernia", the date of the injury "3/1/65" and that it happened— "lifting a heavy weight." The upper portion of this exhibit was addressed to the defendant and showed plaintiff's name, address, employer, policy number, name of the hospital, name of the attending physician, diagnosis "indirect inguinal hernia", date of admission and date of discharge. The bottom portion of this exhibit was an assignment by plaintiff to the hospital signed by plaintiff by his "mark." The testimony shows this exhibit which is called a "claim form" was received in defendant's office June 16, 1965 and that the hospital bill in the amount of $192.40 and doctor bill in the amount of $150.00 were paid by defendant July 2, 1965. It is undisputed that defendant did not furnish the plaintiff with forms for filing proof of loss.

Plaintiff testified: That after he picked up the big stick of wood it hurt in the lower part of his stomach, his back and down his leg. That he did not work any more and his brother-in-law carried him home. That he did not go back to work. That two days later he went to see Dr. Love

who told him he had to operate on him. That his back hurt him while he was in the hospital and he told the doctors about it. That he sent word by his wife to Mr. Bishop that he had been hurt. That he did not know the name of Bishop's insurance carrier. That he sent word to Mr. Bishop again by his wife, after he got out of the hospital. That a white lady came to see him at his home with some papers for him to sign and told him that he would start drawing weekly pay if he signed. That he did not sign because he didn't know what was in them. That he could not read or write. That he didn't know who the lady was but she said she came from Beaumont. This was about a month and a half after he got out of the hospital. That later a white man came to see him and asked questions and wrote something down, but he wouldn't sign it.

■ Plaintiff admits no written notice was given defendant within 20 days after he was injured at its Houston office, but plaintiff contends this provision in the policy is void because of Article 5546, Vernon's Ann.Civ.St., which reads in part as follows:

"No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety (90) days shall be void, and when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same."

Plaintiff also contends that he acted as a reasonable prudent person, and that this is all he was required to do in order to comply with that part of the policy quoted in this opinion, which specifically reads as follows:

" * * * Failure to furnish notice or proof within the time fixed in this Policy will not invalidate or reduce any claim if it shall be shown that it was not reasonably possible to furnish such notice or proof on time and that it was furnished as soon as was reasonably possible."

The court submitted special issue No. 1, which reads as follows:

"Do you find from a preponderance of the evidence that the plaintiff Jessie McCain acted as a reasonably prudent person under the same or similar circumstances would have acted, with reference to the furnishing of notice and proof of loss to the defendant?

"Answer 'yes' or 'no'

"Answer: Yes"

We interpret this policy of insurance to require a claimant to exercise reasonable diligence in filing a notice of injury and claim. The finding of the jury satisfied this requirement. These points are overruled.

■ Next defendant contends there was no evidence to support such finding of the jury, that there was insufficient evidence, and that such finding was contrary to the great weight and preponderance of the evidence. In passing upon the "no evidence" point we look only to the evidence favorable to the finding of the jury. We will not again repeat the evidence set forth above. It must be kept in mind that plaintiff was a person who could neither read nor write. This was a group policy carried by his employer and therefore plaintiff had had no contact with anyone connected with the defendant's company before the injury, and no copy of the insurance policy. Plaintiff notified his employer immediately following the injury, and soon thereafter entered the hospital and was operated upon. Claim forms were filled out at the time of admittance to the hospital, which finally found their way into defendant's hand, and the hospital and doctor bills were paid. This evidence supported the finding of the jury. In passing upon the insufficiency of the evidence and the point as to the

weight of the evidence, we consider the entire record. Even though much of plaintiff's testimony is uncertain, and some of it conflicting, the evidence offered by defendant did no more than raise an issue of fact for the jury to determine, which it did favorably to plaintiff. Such finding is not so contrary to the evidence as to be clearly wrong or manifestly unjust. These points are overruled.

 Objection was made that special issue No. 1 was duplicitous in that it inquired both as to the notice and proof of loss in the same issue. It is argued that defendant was deprived of a separate submission of its independent defenses, citing Rules 277 and 279, Texas Rules of Civil Procedure. These rules require the trial court to submit to the jury the controlling issues made by the pleadings and the evidence, and that the issues be submitted distinctly and separately. However, the rules and the cases interpreting such rules, permit the grouping of facts in a single ultimate issue. It is also permissible to include an uncontroverted fact along with a controverted fact in the same issue. In this case it is undisputed that defendant received the "claim form" June 16, 1965 and that defendant did not thereafter within 15 days furnish plaintiff forms for filing proof of loss, as provided for by the insurance policy. In any event, the issue as submitted placed an undue burden upon plaintiff and the jury could answer in the affirmative by finding for plaintiff both as to notice and the claim, and could not have been harmful to the defendant. Rule 431, T.R.C.P.

 The jury found in answer to special issue No. 4 that plaintiff was presently under the care and attendance of a physician, and to special issue No. 5 that plaintiff had been under the regular care and attendance of a physician during the period between February 24, 1965 and the present. Defendant has assailed each of such answers on the ground that there was no evidence and insufficient evidence to support such findings, and that such findings were contrary to the weight and preponderance of the evidence. The policy of insurance contained this provision:

"Benefits shall not be payable for (a) any period of disability during which the person is not under the regular care and attendance of a physician."

The record shows that plaintiff gave the following testimony:

"Q. All right. Now then following the time that you left the hospital after that eight days did you continue to see the doctor?

A. Yes.

Q. And what doctor is it that you have been seeing since you got out of the hospital?

A. I have been going back up—I have been going back up there to Jasper to Joe Dickerson.

Q. Joe Dickerson?

A. Yes.

Q. All right. Now when is the last time that you saw Joe Dickerson?

A. It has been—it has been—it has been about a month.

Q. All right. Now have you ever since you got out of the hospital have you continued to see Dr. Dickerson from time to time?

A. Yes.

Q. What would be about the longest time between any two times that you have seen Dr. Dickerson since you got out of the hospital?

A. Sometimes it would be three weeks and sometimes be a month.

Q. Was it ever any longer than a month in between times?

A. No."

"Q. Now, during the last—during about the last six months is it your testimony

you have been going to see Dr. Dickerson?

A. Yes, I have.

Q. What has he been doing?

A. He was doctoring on me for my back."

Under the "no evidence" points this testimony supported the findings of the jury. As to the other points of error, considering the entire record, and particularly the testimony of Dr. Dickerson and the plaintiff on cross-examination, there are many conflicts difficult to reconcile but this was the function of the jury. We do not find such answers to be so contrary to the weight of the evidence to be clearly wrong or manifestly unjust. The points of error are overruled.

 The jury found $800.00 to be a reasonable attorney's fee, and the trial court's judgment allowed plaintiff a recovery of an amount to include this attorney's fee plus the penalty provided for under Article 3.62 of the Texas Insurance Code, V.A.T.S. Defendant contends that this was error because no proper demand had been made upon defendant for payment under the insurance policy. The evidence shows that plaintiff's attorney wrote to the defendant at a Beaumont address October 22, 1965, which stated the following:

"I represent Jessie McCain and would like to talk to your representative as soon as possible about his disability claim against you."

Then plaintiff's attorney testified he mailed a letter to defendant at its Houston address, dated November 10, 1965, stating the following:

"We are talking about the March 2, 1965 injury. Mr. Bishop tells us that the policy provided for weekly payments in the event of disability and Mr. McCain has never received any such payments. This is what we intend to seek to collect.

"Please advise about this right away."

Nothing was heard from defendant after the letter of November 10, 1965, and on December 17, 1965 this suit was filed. Article 3.62 of the Insurance Code reads in part as follows:

"In all cases where a loss occurs and the * * * insurance company liable therefor shall fail to pay the same within thirty days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, twelve (12%) per cent damages on the amount of such loss together with reasonable attorney fees for the prosecution and collection of such loss. * * *"

A sufficient demand was made under this statute. No particular form of demand is required. It is set forth in National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245, 247: "All that is required is the assertion of the right under the contract and a request for compliance therewith." Such an assertion was made in this case, and once liability was established, plaintiff became entitled to the penalty and attorney's fee.

The judgment in this case allowed plaintiff recovery of disability benefits for a period of 24 months, which was the limit under the policy. It is defendant's position that plaintiff's recovery for such benefits was limited to the date of the trial, which began March 7, 1966, because there had been no repudiation of the contract by defendant. Defendant argues that in case of a mere denial of liability for a particular claim, that recovery is limited to the accrued benefits.

The facts in this case are such that plaintiff must rely upon the inactivity of the defendant as a repudiation of the contract, rather than an affirmative denial of liability. Nowhere in the evidence does it appear that defendant either orally or in writing denied that it was obligated to plaintiff under the policy. The only statement in writing which might be construed as a denial of liability, or a repudia-

tion of this claim under the policy, was contained in the letter written by L. J. Cappleman, assistant to the president, dated November 8, 1965 addressed to plaintiff's attorney, as follows:

"We have finally been able to locate the file regarding Jessie McCain and his group policyholder C. N. Bishop. The last claim file that we have for Jessie McCain is for an injury incurred March 2, 1965. We have paid this claim in accordance with the claim papers submitted.

"If there is another claim to be submitted or if there is additional information on this claim, please forward this information to me."

In fact, defendant paid both the hospital and doctor bills arising out of the incident made the basis of this suit. Defendant's answer sets up the following defenses: That plaintiff failed to give the notice and proof of loss required by the policy. That plaintiff failed to make a proper demand as required by statute. That benefits could be recovered only for the period of time plaintiff was under regular care and attendance of a physician.

As already stated in this opinion, after the letter of November 10, 1965 written by the attorney representing plaintiff which is set out above, the defendant did nothing. This is not a case in which defendant contended that under the facts plaintiff was not entitled to recovery, and this is not a case in which defendant denied liability or claimed defenses under the policy and this is not a case in which defendant refused payment under a mistake or misunderstanding as to matters of fact or upon an erroneous construction of the policy. After the letter of November 10, 1965, above referred to, plaintiff was told nothing by defendant. Defendant did not send plaintiff forms in order to make a claim for disability benefits, and took no other action. Plaintiff waited more than the 30 days required by Article 3.62 of the Insurance

Code, supra, and brought this suit for the full amount of benefits provided by the policy of insurance. Plaintiff treated defendant's actions as an anticipatory breach and brought suit for the full amount that he would have received if the contract had been performed. The trial court construed defendant's actions to be a repudiation of the contract by entering its judgment for the full amount. We agree with the trial court. Defendant having failed to carry out its part of the contract and pay plaintiff the monthly disability benefits, without just excuse, cannot now complain of the action of the trial court in permitting plaintiff to recover in one suit the present value of all of the damages he would have received if the contract had been performed, and not compelling plaintiff to resort to repeated suits for monthly payments. Pollack v. Pollack, Tex.Com.App., 39 S.W.2d 853; Coutinental Casualty Co. v. Boerger, Tex.Civ.App., 389 S.W.2d 566.

We find the remainder of the 51 points of error to be without merit.

Affirmed.