**INTERNATIONAL SECURITY LIFE INS. CO., Appellant,**

v.

**Richard L. GREER, Appellee.**

**No. 8089.**

Court of Civil Appeals of Texas, Amarillo.

Nov. 30, 1970.

Rehearing Denied Dec. 28, 1970.

Bryan & Amidei and Frank H. Pope, Jr., Fort Worth, for appellant.

Kirby, Ratliff & Sansom and Ted L. Sansom, Littlefield, for appellee.

NORTHCUTT, Justice.

Richard L. Greer, hereinafter referred to as appellee, brought this suit against International Security Life Ins. Co., hereinafter referred to as appellant, to recover expenses of hospitalization alleged to be covered by policy of insurance issued by appellant. Appellant answered contending it was not liable for such expenses because the sickness originated prior to the effective date of the policy and was for diagnosis and was not covered by the policy.

The case was tried to the court without a jury and judgment was granted appellee for $348.85 policy benefits plus 12% penalty in the amount of $41.81 and reasonable attorney's fees in the amount of $300.00. From that judgment appellant perfected this appeal.

■ This appeal is presented upon four assignments of error. Under points one and two it is contended the court erred in awarding 12% statutory penalty and attorney's fees because appellee failed to show that demand for payment was ever made to appellant. We overrule both of these points. On February 27, 1969, appellant wrote a letter to appellee where it stated appellant acknowledged appellee's claim and advised appellee that the claim was not covered by the policy and denied liability. It was not necessary for appellee to prove other than the letter that he demanded payment of the claim. Where insurer treated claim as demand for payment under policy and denied liability, it was not in a position subsequently to say that no demand had been made to defeat liability for penalties or for attorney's fees. Insurance Code, Art. 3.62, V.A.T.S.; National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245; Republic National Life Ins. Co. v. Beard, Tex.Civ.App., 400 S.W.2d 853 (n. r. e.); Reserve Life Ins. Co. v. Miller, Tex.Civ.App., 300 S.W.2d 343.

■ By appellant's assignments three and four, it is contended the trial court abused its discretion in quashing the subpoenas duces tecum issued by order of appellant prior to trial on its own motion and in overruling appellant's motion for continuance. We overrule both of these assignments. The policy in question was issued August 20, 1968, and the treating doctor testified that the sickness of the patient here involved started about January 18, 1969. As to the trial court abusing its discretion in quashing the subpoenas duces tecum, it is to be noticed that the effect of each subpoena requires the individual to bring all of his records on the history of each patient that had been admitted to the hospital. The sole defense presented by the pleadings of appellant is that the sick-

ness originated prior to the effective date of the policy, and that the hospitalization was for physical examination or diagnosis and not covered by the policy. The records as requested to be produced by the subpoenas would in no way show when the sickness of this patient originated or for what this patient was treated. In its motion for continuance, appellant contended that because the court quashed the subpoenas it was deprived of cross-examining such witness as to the type, accuracy and extent of the histories kept in regard to each patient admitted to said hospital, and consequently, it was not safe for appellant to go to trial. If said witness had been present with all his records and appellant had cross-examined on all of such matters, such evidence produced by such examination would have no effect on establishing when the sickness of the patient began nor what the patient was treated for. Such motion does not show any materiality or show what appellant expected to prove by said witnesses. It was not an abuse of discretion to overrule the motion under such showing. Love v. Grizzaffi, Tex.Civ.App., 423 S.W.2d 164 and the many cases there cited. No motion for new trial was filed by appellant as required. See Rules 324 and 325, Texas Rules of Civil Procedure. We have considered all of appellant's assignments of error and overrule them.

Judgment of the trial court is affirmed.