**Judith PARISI, Appellant,**

v.

**WASHINGTON NATIONAL INSURANCE COMPANY, Appellee.**

**No. 879.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 7, 1973.

Robert S. Pieratt, Kenneth Knox, Pieratt & Knox, Houston, for appellant.

F. F. Benton, Joe R. Blackburn, Burris, Benton & Zwiener, Houston, for appellee.

CURTISS BROWN, Justice.

This is a suit on a contract of life insurance.

Appellant Judith Parisi (Mrs. Parisi) assigns two points of error. The thrust of both assignments is that the cause in regard to attorney's fees and penalty should be reversed and rendered. She was the beneficiary of an insurance policy on the life of her deceased husband. She brought this suit against the appellee, Washington National Insurance Company (the Company), for the face amount of the policy and for a statutory penalty and attorney's fees. The case was submitted to a jury on special issues, and, in accordance with the jury verdict, the trial court entered judgment for appellant for the face amount of the policy. The court sustained the Company's motion to disregard the answer of the jury to Special Issue No. 12 (attorney's fees) on the ground that there was no evidence of demand sufficient to support recovery of penalty and attorney's fees as provided by Article 3.62 of the Insurance Code, V.A.T.S.

Tex.Ins.Code Ann. art. 3.62 (1963) provides that when a life, health, or accident loss occurs and an insurance company liable for that loss fails to pay the same within thirty days after demand, that company is liable to the holder of the policy, in addition to the amount of the loss, for twelve per cent damages plus reasonable attorney's fees for the collection of the loss. Demand for payment must be made to entitle a claimant to recover the penalty and attorney's fees. International Security Life Insurance Company v. Redwine, 481 S.W.2d 792, 793 (Tex.Sup.1972). Nevertheless, if a company recognizes that a claim for payment has been filed and denies liability under the policy, it may not later assert that no demand for payment has been made. National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245, 247 (1943); International Security Life Ins. Co. v. Greer, 461 S.W.2d 230, 231 (Tex.Civ.App.—Amarillo 1970, writ dism'd).

The insured, Robert Parisi, died on June 16, 1969. On August 22, 1969, the Company sent a letter, introduced into evidence, to Mrs. Parisi concerning the policy issued on the deceased. The letter unequivocally states: "Because of the failure of your husband to disclose the material facts mentioned above, the Company hereby notifies you, as wife and beneficiary, that it elects to and does hereby recind (sic) the policy as of its intended effective date and encloses its draft in the amount of $150.00 payable to you as a refund of all premiums paid." We hold that such rescission of a life insurance policy made after the death of the insured and with knowledge thereof amounts to a denial of liability and falls within the rule announced in National Life & Accident Ins. Co. v. Dove, *supra.*

Appellee urges that the decision in the Redwine case alters the rule of Dove. We

do not agree. There was no letter from the insurer involved in Redwine, and that decision held only that an insurer did not waive objection by failing to plead that no demand had been made.

The trial court therefore improperly denied recovery for the statutory penalty and reasonable attorney's fees as found by the jury. In response to a submitted special issue, the jury found the reasonable value of appellant's attorney's fees to be $2,000. This finding is not challenged on appeal.

The judgment of the trial court is reversed and rendered in part to include a recovery of $2,000 attorney's fees plus the statutory penalty of twelve per cent and is otherwise affirmed.

Reversed and rendered in part and affirmed in part.