INTERNATIONAL SECURITY LIFE IN-
SURANCE COMPANY, Appellant,

v.

Lloyd E. TICE, Appellee.

No. 8412.

Court of Civil Appeals of Texas,
Amarillo.

Nov. 26, 1973.

Rehearing Denied Dec. 31, 1973.

Stanley S. Crooks, Dallas, for appellant.

Maner & Nelson (Loyd N. Jones), Lubbock, for appellee.

REYNOLDS, Justice.

The sole question presented is whether, and we determine that, the judgment decreeing recovery under a medical and hospital indemnity policy properly included the statutory penalty and stipulated reasonable attorney fees authorized by V.A.T.S. Insurance Code art. 3.62. Affirmed.

Appellant International Security Life Insurance Company issued its medical and hospital indemnity policy to appellee Lloyd E. Tice. While the policy was in force, appellee Tice was hospitalized from May 27 to June 2, 1972. Claims for indemnification for the hopsital expenses and doctors' fees were submitted. Appellee's wife, who authored the correspondence appellee sent to appellant, testified: "Well, we didn't hear from them until I wrote and ask why our claims hadn't been paid and then . . . we got the letter saying that they were not going to pay the claim." The letter Mrs. Tice said she wrote is not in the record. By a letter dated September 18, 1972, appellant insurance company informed appellee Tice that the information necessary to determine the claims had been secured, and that "(t)he company is unable to extend benefits under the claim . . ." because of pre-existing disorders.

Appellee's counsel addressed a letter dated October 3, 1972, to appellant demanding payment and advising, inter alia, that if payment was not received within thirty days from receipt of the letter, suit would be filed. Seventeen days later on October 20, 1972, this suit was filed, the original petition alleging that proper demand had been made. Appellant neither excepted to nor denied the allegation of proper demand; avoidance of liability was grounded on policy excluded pre-existing conditions and policy voidness ab initio because of appellee's misrepresentations in the application for the policy.

Appellee proceeded to trial on his unamended original petition. Based on a jury verdict, the trial court entered judgment against appellant insurance company for the amount of the hospital expenses and doctors' fees, the statutory penalty and stipulated reasonable attorney fees.

The sole point of error is that the trial court erred in granting judgment for penalty and attorney fees. By brief, appellant argues that, as a matter of law, the only demand made was counsel's formal demand of October 3, 1972, and since that demand was made less than thirty days before suit was filed on October 20, 1972, the requirements of the statute were not met, precluding the imposition of penalty and attorney fees. At submission, appellant enlarged its argument to assert that irrespective of any demand made prior to denial of the claims, once appellant had denied the claims, a subsequent formal demand followed by the thirty day period before suit, during which appellant could reevaluate its previous denial, was required before appellant could be subjected to the risk of greater liability for the statutory penalty and attorney fees. Under this record, the arguments are not persuasive.

■ V.A.T.S. Insurance Code art. 3.62 confers the right of recovery of a twelve (12%) per cent penalty and reasonable attorney fees "(i)n all cases where a loss occurs and the . . . life, health and accident insurance company liable therefor *shall fail to pay the same within thirty days after demand therefor,* . . ." A demand made thirty days before filing the trial petition is a prerequisite to and an essential element of the insured's cause of action for recovery of the statutory penalty and attorney fees. International Security Life Ins. Co. v. Redwine, 481 S.W.2d 792 (Tex.1972).

If the only demand of record were the formal one made by counsel seventeen days before the trial petition was filed, appellee would be precluded as a matter of law from entitlement to the statutory penalty

and attorney fees decreed; however, at issue was the question whether the letter written by Mrs. Tice during the pendency of the claims constituted a demand within the purview of the statute. If so, that demand, antedating the denial of the claims on September 18, 1972, was made more than thirty days prior to filing the trial petition on October 20, 1972.

■ Mrs. Tice's letter asking why the claims had not been paid was not shown to include the term "demand" among its contents; but, to meet the statutory requirements, it is not necessary that the word "demand" be used, Penn Mutual Life Ins. Co. v. Maner, 101 Tex. 553, 564, 109 S.W. 1084, 1088 (1908); "(a)ll that is required is the assertion of the right under the contract and a request for compliance therewith." National Life & Accident Ins. Co. v. Dove, 141 Tex. 464, 174 S.W.2d 245, 247 (1943). In this last case, the Supreme Court held that correspondence directed to the insurance company concerning, but which did not "demand" payment of, pending claims, constituted a sufficient demand under the statute. The rationale employed was that the insurance company, in refusing to recognize and perform its obligations called for in the correspondence and denying the claims, was not in a position to assert that no demand for payment was made because the correspondence was treated as the demand. Similar to the facts in the case at bar are the facts in Great Southern Life Ins. Co. v. Johnson, 25 S.W.2d 1093 (Tex.Com.App.1930, holdings approved), where testimony of an unproduced letter written to the insurance company "about the $2,000.00 sued for in this suit" was held to constitute a sufficient demand.

In both *Dove* and *Johnson,* the demand held sufficient to impose a penalty and attorney fees for non-payment of a claim was made before the claim had been denied. Other cases also have held a pre-denial demand sufficient. See Scott v. National Bankers Life Ins. Co., 253 S.W.2d 485 (Tex.Civ.App.—San Antonio 1952, writ ref'd n. r. e.); Republic National Life Ins.

Co. v. Beard, 400 S.W.2d 853 (Tex.Civ. App.—San Antonio 1966, writ ref'd n. r. e.); Continental American Life Ins. Co. v. McCain, 412 S.W.2d 666 (Tex.Civ.App.— Beaumont 1967, reversed and remanded on other grounds, 416 S.W.2d 796 (Tex. 1967)).

■■ We have not been cited any authority, nor have we found any by independent research, that requires the demand for payment to be made after a claim is denied. Certainly, the statute does not so provide; and, perhaps wisely so, for if the requirement were otherwise, the insurance company could always escape liability for the statutory penalty and attorney fees simply by never acting on the claim. Moreover, the purpose of the statutory demand is not to afford the insurance company a second occasion to re-evalute its position after it has denied the claim; the purpose of the demand requirement is to give the insurance company a reasonable opportunity to investigate the claim and to pay the same before suit is filed. Great American Reserve Ins. Co. v. Britton, 406 S.W. 2d 901, 907 (Tex.1966). We, therefore, decline to hold that the demand for payment must be made after the claim is denied.

■ Thus, to resolve the question of demand arising from Mrs. Tice's letter, the trial court submitted to the jury special issue no. 1 inquiring if, and the jury found that, " . . . Tice made or caused to be made demand for payment of hospital and medical benefits under . . ." the policy. Neither this issue, nor any other, identified the demand or inquired if such demand had been made more than thirty days prior to the date suit was filed. No objection was made to the issue or to the charge in this regard; apparently the parties accepted the issue as a correct submission of this element of the cause of action. No objection was, or has been, made to the sufficiency of the evidence to support the submission of or the jury's findings in response to the issue.

While special issue no. 1 was incomplete and defective, the issue, absent an objection, is effective and controlling as if properly drafted, and is sufficient to sustain the judgment based thereon. Rule 274, Texas Rules of Civil Procedure; Frozen Foods Express v. Odom, 229 S.W.2d 92 (Tex.Civ.App.—Eastland 1950, writ ref'd n. r. e.); Cox v. Huffman, 159 Tex. 298, 319 S.W.2d 295 (1958); Allen v. American National Ins. Co., 380 S.W.2d 604 (Tex. 1964). The point of error is overruled.

The trial court's judgment is affirmed.