Michael D. SCHATTMAN, Judge, County Court at Law No. 2 of Tarrant County, Texas, Appellant,

v.

TARRANT COUNTY, Texas, and The Commissioners' Court of Tarrant County, Texas, Appellee.

No. 18462.

Court of Civil Appeals of Texas, Fort Worth.

June 11, 1981.

Rehearing Denied July 9, 1981.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk and David Fielding, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Gerald Summerford, Fort Worth, for appellee.

OPINION

MASSEY, Chief Justice.

Suit was one for declaratory judgment filed by the Hon. Michael D. Schattman, Judge of the County Court at Law No. 2 of Tarrant County, Texas. Sought to be established as against Tarrant County and its Commissioners' Court was the right of Schattman to have it declared that he was a judge of a probate court under pertinent statutory provisions and as such entitled to have his salary fixed at not less than the total salary, including supplements, received by the judges of the district courts of Tarrant County.

By his statutory interpretation, the judge trying the case denied relief to Schattman, unaided by any evidence bearing upon the historical development of "statutory probate courts" having the probate jurisdiction which in earlier times was lodged in the constitutional county courts (as is still the

case in Texas counties), unaided by evidence bearing upon "usage and custom" in the exercise of that jurisdiction, and unaided by evidence which might have been available bearing upon "evil" developed as existent in the counties, particularly Tarrant, where there was arisen need and occasion for additional courts with probate jurisdiction. From the judgment denying relief Schattman has appealed.

We affirm.

■ In statutory construction it is the duty of a court to look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy. Tex.Rev.Civ.Stat.Ann. art. 10 (1969) "General Rules". Circumstances attending the passage of a statute are significant, and, as will hereafter be noticed the same Legislature which passed the law of which Judge Schattman claims benefit amended another law to show its intent that such benefit could not be claimed by judges similarly situated. See 53 Tex. Jur.2d *Statutes* sec. 162 "(Circumstances Indicating Legislative Intention)—In general" (1964).

As will be observed in the discussion to follow, the Texas Probate Code, enacted in 1955 by the 54th Legislature, contemplated the investiture of probate jurisdiction in only the county courts and "a court especially created and organized *for the sole purpose* of exercising probate jurisdiction". (Emphasis added.) (Appellate jurisdiction and general control over the court in all probate matters, etc., was vested in the district courts.) Subsequently created by legislative enactment were probate courts, one of which was the single "statutory probate court" in Tarrant County, especially created and organized *for the sole purpose* of exercising probate jurisdiction (and none other), concurrent with like jurisdiction theretofore existent in its constitutional county court. Tex.Rev.Civ.Stat.Ann. art. 1970–345 "Tarrant County Probate Court" (1964). In 1955 there was no county court at law in which any probate jurisdiction was vested. That this might be true at a later time was obviously not within legislative contemplation.

Thereafter, in 1977, the Texas 65th Legislature enacted legislation—effective January 1, 1979—in the creation of County Court at Law No. 2 of Tarrant County. (Of this court Judge Schattman has been presiding judge since its inception.) Tex.Rev. Civ.Stat.Ann. art. 1970–62.2 "County Court at Law No. 2 of Tarrant County" (Supp. 1980). In addition to the jurisdiction ordinarily conferred upon courts of this character by the statutes creating them, was specific further and additional jurisdiction conferred upon the Tarrant court by the following:

"Sec. 2. (b) The County Court at Law No. 2 of Tarrant County has the general jurisdiction of a probate court within the limits of Tarrant County, concurrent with the jurisdiction of the County Court of Tarrant County and the Probate Court of Tarrant County in such matters and proceedings . . . ."

Perforce that already discussed it is evident that from and after January 1, 1979, Tarrant County had a single court "created and organized for the sole purpose of exercising probate jurisdiction", being the Probate Court of Tarrant County; had another court given probate jurisdiction along with the jurisdiction customary to courts bearing similar name and title, being the County Court at Law No. 2 of Tarrant County; and continued to have the third, the constitutional County Court presided over by the County Judge.

We emphasize that we consider it to be of material importance the legislative enactments in 1979 by the 66th Legislature included enactment of that statute relative to salaries of the judges of the probate courts, and an amendment of the Texas Probate Code clarifying meaning of the term "statutory probate court". By statute was provided that the salary of "each of the judges of the probate courts" in counties having a population of not less than 700,000 should be fixed by the commissioners courts of counties in which there were such courts "at not less than the total annual salary, including supplements, received by the judges of the district courts in such coun-

ties." Tex.Rev.Civ.Stat.Ann. art. 3883i–3 "Compensation of judges of probate court; counties of not less than 700,000" (Supp. 1980).

By an amendment of existent law "statutory probate court" was defined. Tex.Prob. Code Ann. sec. 3 "Definition and Use of Terms" (1980). By this amendment subsection (ii) was added, providing as follows:

"(ii) 'Statutory probate court' refers to any statutory court presently in existence or created after the passage of this Act, the jurisdiction of which is limited by statute to the general jurisdiction of a probate court, and such courts whose statutorily designated name contains the word 'probate'. *County courts at law exercising probate jurisdiction are not statutory probate courts under this Code unless their statutorily designated name includes the word 'probate'.*" (Emphasis added.)

From its beginning the Probate Code contained in subsections (e) and (g) of sec. 3 the provisions (for purposes of the code) as follows:

"(e) 'County Court' and 'Probate Court' are synonymous terms and denote county courts *in the exercise of their probate jurisdiction,* courts created by statute and authorized to exercise original probate jurisdiction, and district courts exercising probate jurisdiction in contested matters." (Emphasis added.)

"(g) 'Court' denotes and includes both a county court *in the exercise of its probate jurisdiction,* a court created by statute and authorized to exercise original probate jurisdiction, or a district court exercising original probate jurisdiction in contested matters." (Emphasis added.)

■ The occasion for Judge Schattman's concern over the amount of his compensation arose because of action taken by the 66th Legislature in 1979 in new Art. 3883i–3. Clearly the Legislature intended to and fixed the salary of the judge presiding over a "statutory probate court", where one existed in a county having population above 700,000 or might thereafter be created in such a heavily populated county. However, in the amendment of the Probate Code, sec.

3, that same Legislature provided that "County Courts at Law exercising probate jurisdiction are not statutory probate courts under this Code, . . . ." (Art. 3883i–3 is not under the Code, though its provisions are necessarily related thereto.) The Legislature is considered to have known it was also amending sec. 3 of the Probate Code when it passed Art. 3883i–3, and the same article when it amended the Code.

In any event we hold the legislative intent plain; that of the judges who might preside over courts created by legislative enactment to exercise probate jurisdiction, whether created "for the sole purpose of exercising probate jurisdiction" or created for purposes of exercising a greater and enlarged jurisdiction, only those presiding over regular courts (to which they were elected or selected to preside) which contained as part of their designated name the word "probate" were to be given the compensation benefits provided by Art. 3883i–3, to-wit: salaries "at not less than the total annual salary, including supplements, received by the judges of the district courts in such counties, . . . ." The County Court at Law No. 2 of Tarrant County is not such a court. Therefore, Judge Schattman is not entitled to claim benefit by Art. 3883i–3.

Affirmed.

SPURLOCK, Justice, dissenting on Motion for Rehearing.

I respectfully dissent. This is a suit by way of declaratory judgment in which the plaintiff seeks to establish that Tex.Rev. Civ.Stat.Ann. art. 3883i–3 (Supp. 1980–81) applies to County Court at Law No. 2 of Tarrant County, Texas.

Article 3883i–3 is a judicial salary equalization statute. It requires the County Commissioners of Tarrant County (and other counties with a population in excess of 700,000 people) to fix the salaries of "the judges of the probate courts" in an amount at least equal to that of the district court judges in the same county.

County Court at Law No. 2 of Tarrant County has and exercises probate jurisdiction. Michael Schattman, Judge of the

County Court at Law No. 2, alleges that art. 3883i–3 applies to this court, thus entitling him, as judge, to a salary at least equal to that of the judges of the District Courts of Tarrant County.

Tarrant County and the Commissioners Court (hereinafter referred to as Tarrant County) disagree and have refused to order the salary increase provided for in art. 3883i–3. Schattman brought suit. At trial both parties moved for summary judgment. The trial judge denied Schattman's and granted Tarrant County's motion.

Schattman appeals, alleging in his various points that the judge incorrectly interpreted art. 3883i–3 and, as a result, failed to properly apply the statute.

I agree. I would reverse and render judgment that Judge Schattman receive a salary at least equal to that of the district judges in Tarrant County, said judgment to be retroactive to the proper date of the statute's application.

Art. 3883i–3 follows:

"Art. 3883i–3. Compensation of judges of probate court; counties of not less than 700,000.

"In all counties of this state having a population of not less than 700,000 inhabitants, according to the last preceding federal census, *the salary of each of the judges of the probate courts* shall be fixed by the commissioners court at not less than the total annual salary, including supplements, received by the judges of the district courts in such counties, which shall be paid in 12 equal monthly installments." (Emphasis added.)

It is Schattman's contention that the term "judges" and "probate courts" as provided in art. 3883i–3 wherein it states "judges of the probate courts" is a generic reference; one that refers generally to those courts that exercise probate jurisdiction. Within Tarrant County there are three such courts: the constitutional County Court, the Probate Court of Tarrant County, and County Court at Law No. 2.

Tarrant County interprets "judges of the probate courts" as a specific reference, one that refers exclusively to the Probate Court of Tarrant County. In response to Judge Schattman's contention, Tarrant County argues that merely having probate jurisdiction does not make a court a probate court within the meaning of art. 3883i–3.

In interpreting a statute this court must consider its language and subject matter, applying a fair, rational and reasonable construction with a view to accomplishing the legislative intent and purpose. *White v. Cooper*, 415 S.W.2d 246 (Tex.Civ.App.— Amarillo 1967, no writ).

In determining this cause I would take a two step approach. The first step would be to determine if the reference to "judges of the probate courts" as used in art. 3883i–3 is generic or specific. If it is specific, County Court at Law No. 2 is excluded. If it is generic, it is then necessary to determine the class of courts to which art. 3883i–3 refers and if Court at Law No. 2 falls within that class.

I look first to the statute that created the Probate Court of Tarrant County. It is uncontested by the parties that art. 3883i–3 applies to this court.

Tex.Rev.Civ.Stat.Ann. art. 1970–345 (1964) passed by the 55th Legislature, created the Probate Court of Tarrant County.

That article provides in part:

"Section 1. There is hereby created in and for Tarrant County, Texas, effective September 1, 1957, a county court to be called Probate Court of Tarrant County.

"Sec. 2. *The Probate Court of Tarrant County shall have the general jurisdiction of a Probate Court* within the limits of Tarrant County, *concurrent with the jurisdiction of the County Court of Tarrant County* in such matters and proceedings. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and habitual drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and habitual drunkards, including the settlement, partition and distribution of estates of deceased persons, lunacy proceed-

ings and the apprenticing of minors as provided by law." (Emphasis added.)

Tex.Rev.Civ.Stat.Ann. art. 1970–62.2 (Pamph. Supp. 1980) the statute that created County Court at Law No. 2 provides, in part:

"Sec. 2. (b) The County Court at Law No. 2 of Tarrant County *has the general jurisdiction of a probate court* within the limits of Tarrant County, *concurrent with the jurisdiction of the County Court of Tarrant County and the Probate Court of Tarrant County* in such matters and proceedings. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and habitual drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and habitual drunkards, including the settlement, partition, and distribution of estates of deceased persons, lunacy proceedings and the apprenticing of minors as provided by law." (Emphasis added.)

Tex.Const. art. V, § 16 which created the constitutional county courts, provides in part:

"The County Court *shall have the general jurisdiction of a Probate Court*; they shall provide wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law; . . . ." (Emphasis added.)

The Probate Court, County Court at Law No. 2 and the constitutional County Court each have "the general jurisdiction of a probate court." In each provision the statute defines what a probate court does and in each provision those functions are exactly, word for word, the same: "[T]hey shall probate wills, appoint guardians of minors, . . . ."

In interpreting a statute a court may consider the construction that has been placed on similar laws. *Johnson v. Woodmen of the World Life Ins. Soc.*, 203 S.W.2d 331 (Tex.Civ.App.—Austin 1947, no writ). Thus, where two or more statutory provisions are of equal dignity and of the same general character, the construction placed on one provision is highly persuasive in determining the construction that should be placed on the other, 53 Tex.Jur.2d *Statutes* § 128 (1964).

I conclude that the term "probate court" as used in the constitution and by the legislature generically refers to courts "that (have) the general jurisdiction of a probate court." I further conclude that, in probate matters, both County Court at Law No. 2 and the Probate Court of Tarrant County are "probate courts" within the meaning of that term as used in art. 3883i–3.

The Probate Code offers additional evidence of a generic, as opposed to specific, application of the term "probate court".

17A Tex.Prob.Code Ann. § 3(e) (1980) provides:

" 'County Court' and 'Probate Court' are synonymous terms *and* denote county courts in the exercise of their probate jurisdiction, *courts created by statute and authorized to exercise original probate jurisdiction*, and district courts exercising probate jurisdiction in contested matters." (Emphasis added.)

Section 3(e) makes explicit what is implicit. It is unavoidable that " 'Probate Court' . . . denote(s) . . . courts created by statute and authorized to exercise original probate jurisdiction, . . . ." Both County Court at Law No. 2 and the Probate Court of Tarrant County fall squarely within this category. By express legislative enactment (as well as by implicit legislative and constitutional provisions) both are probate courts.

Section 3(f) and (g) of the Probate Code provide:

"(f) 'County Judge,' 'Probate Judge,' and 'Judge' denote the presiding judge *of any court having original jurisdiction over probate proceedings*, whether it be a county

court in the exercise of its probate jurisdiction, *a court created by statute and authorized to exercise probate jurisdiction,* or a district court exercising probate jurisdiction in contested matters. (Emphasis added.)

"(g) 'Court' denotes and includes both a county court in the exercise of its probate jurisdiction, *a court created by statute and authorized to exercise original probate jurisdiction,* or a district court exercising original probate jurisdiction in contested matters." (Emphasis added.)

Under subsection (f), by express statutory authority, a reference to Judge Schattman as "Probate Judge" would be correct.

In the judgment below the trial judge cited section 5(c) of the probate code as supporting the conclusion that County Court at Law No. 2 was not a probate court within the meaning of art. 3883i–3 stating: "[T]hat at the time the Legislature enacted Article 3883i–3 it was aware of Section 5(c) of the Probate Code which *distinguishes between statutory probate courts and county courts at law with probate jurisdiction;* . . . ." (Emphasis added.)

Tex.Prob.Code Ann. § 5(c) (1980) provides: "In those counties where there is a statutory probate court, county court at law, *or other statutory court exercising the jurisdiction of a probate court,* all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in such courts and in the constitutional county court, rather than in the district courts, . . . ." (Emphasis added.)

I fail to see the distinction. Instead, I see the recognition of a class of courts. That class is open generally to "statutory courts exercising the jurisdiction of a probate court" and specifically to the statutory probate courts and county courts at law, both of which are statutory courts exercising probate jurisdiction. Not specifically mentioned but included within this class are *"other* statutory courts exercising the jurisdiction of a probate court." (Emphasis added.)

The term, "statutory probate courts", originated in the same legislature as did art. 3883i–3.

Tex.Prob.Code Ann. § 3(ii) (1980) provides:

" 'Statutory probate court' refers to any statutory court *presently in existence or created* after the passage of this Act, *the jurisdiction of which is limited by statute to the general jurisdiction of a probate court,* and such courts whose statutorily designated name contains the word 'probate'. County courts at law exercising probate jurisdiction are not statutory probate courts under this Code unless their statutorily designated name includes the word 'probate.' " (Emphasis added.)

This section brings about a statutory distinction between the Probate Court of Tarrant County and County Court at Law No. 2 of Tarrant County. Both are statutory courts, both are courts that have the "general jurisdiction of a probate court" but the statutory probate court's jurisdiction is *limited "to the general jurisdiction of a probate court."* (Emphasis added.)

Tex.Prob.Code Ann. §§ 5(c) and 3(ii) (1980) employ the same generic reference to probate courts. The statutory and constitutional scheme point unfailingly to the conclusion that a probate court is one that exercises the jurisdiction of a probate court. Among the courts that presently exercise the jurisdiction of a probate court—and thus *are* probate courts—are County Court at Law No. 2 and the statutory Probate Court of Tarrant County.

I also find significance in the fact that the legislature chose to phrase art. 3883i–3 in the following manner:

"[T]he salary of each of the judges of *the probate courts* . . ." as opposed to using the designation *"statutory probate courts",* a designation urged on us by Tarrant County, and one which the legislature created in the same session it enacted art. 3883i–3. (Emphasis added.) We cannot help but to impute significance to the legislature's choice of the generic term (probate courts) when in the same session it created the specific term "statutory probate courts."

I conclude that art. 3883i–3, wherein it states "the salary of each of the judges of

the probate courts ..." refers to those judges of those courts having "the general jurisdiction of a probate court." Included within this category is the County Court at Law No. 2 of Tarrant County. Accordingly, I conclude as a matter of law that Judge Schattman was entitled to have his motion for summary judgment granted.

I would reverse the decision of the trial court and render judgment that art. 3883i–3 applies to County Court at Law No. 2 and find that Judge Schattman, as judge of said court is entitled to the compensation provided in art. 3883i–3 from the effective date of the Act, to-wit, August 27, 1979.