

# The Attorney General of Texas

JIM MATTOX
Attorney General

May 28, 1985

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Phillip A. Lohec, C.P.A.
Galveston County Auditor
County Courthouse
Galveston, Texas    77550

Opinion No. JM-322

Re:  Whether contributions to
F.I.C.A. under article 695h,
V.T.C.S., constitute a salary
supplement to a county court-
at-law judge

Dear Mr. Lohec:

Pursuant to your limited authority to request opinions, you ask what constitutes the salary of a district judge sitting in Galveston County for the basis in calculating the salary for the positions of judge of county court nos. 1 and 2, and probate court in Galveston County.  Specifically you ask:

> Whether the contributions paid for social security under the provision of [article 695h, section 5(b), V.T.C.S.] constitute a supplement and is used in compiling the salary basis for the positions of Judge of County Court No. 1, No. 2, and Probate Court?

We conclude that section 4 of article 695h, V.T.C.S., specifically excludes these social security contributions from the salary of a district judge sitting in Galveston County.  Therefore, these contributions should not be considered in computing the salaries of the judges of county court nos. 1 and 2, and the probate court.

The legislature has provided that:

> The Commissioners Court of Galveston County shall fix the yearly salary of the Judge of the County Court No. 1 of Galveston County at a <u>sum not less than 90 percent of the total salary, including supplements</u>, paid any District Judge in and for Galveston County. . . .  (Emphasis added).

V.T.C.S. art. 1970-342a, §11(b).  Identical language has been used to provide for the salaries of the judges of county court no. 2 and the probate court.  V.T.C.S. art. 1970-342b, §11(b) (county court no. 2);

V.T.C.S. art. 1970-342, §9 (probate court). These statutes were enacted to equalize judicial salaries within Galveston County. Cf. Schattman v. County of Tarrant, 618 S.W.2d 864 (Tex. Civ. App. - Fort Worth 1981) (Spurlock, J. dissenting, at 866).

The legislature has provided that state salaries of all state officials and employees, including district judges of the several judicial districts, shall be determined by the General Appropriations Act. See V.T.C.S. art. 6813b. The commissioners court of Galveston County may provide additional compensation to judges of district courts of Galveston County. V.T.C.S. art. 6819a-28. Thus, a district judge's salary includes an amount provided by the state legislature in the General Appropriations Act and any additional salary supplement the county commissioners court may wish to provide.

The state's contribution to the Social Security System on behalf of district judges is governed by section 5(b) of article 695h, V.T.C.S. That provision provides in part:

> The State is not required to pay any contributions of State-paid judges under the Federal Insurance Contributions Act. However, the Legislature may provide in the General Appropriations Act for the State payment of State-paid judges' contributions under the Federal Insurance Contributions Act at any rate and on any amount of State-paid compensation that it considers appropriate. There is imposed on the services of State-paid judges which are covered by an agreement with the Secretary of Health and Human Services a contribution with respect to wages (as defined in Section 1(a) of this Act) equal to the amount of the employee tax which would be imposed by the Federal Insurance Contributions Act if such services constituted employment within the meaning of that Act. Any contributions in excess of the State payment, if any, prescribed by the General Appropriations Act are the obligations of the State-paid judges.

V.T.C.S. art. 695h, §5(b).

Section 4 of article 695h, V.T.C.S., specifically provides that "[t]he payment of contributions by the State under the program may not be considered compensation under any law of this State." When both section 4 and section 5(b) are read together, it is clear that the legislature did not intend that these payments be considered as part of the total compensation to district judges for purposes of state law.

Accordingly, we conclude that contributions paid by the state under section 5(b) of article 695h, V.T.C.S., should not be included in computing the salary of a district judge sitting in Galveston County for purposes of article 1970-342a.

### S U M M A R Y

Section 4 of article 695h, V.T.C.S., specifically excludes social security contributions paid by the state under section 5(b), article 695h, V.T.C.S., from the salary of a district judge. These contributions should not be used in compiling the salary basis of a district judge to determine the salaries of the judges of county court nos. 1 and 2, and probate court.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton