James Craig FRANCE, Petitioner,

v.

AMERICAN INDEMNITY COMPANY,
Respondent.

No. C–1342.

Supreme Court of Texas.

March 2, 1983.

Rehearing Denied April 27, 1983.

Spann & Smith, Donald J. Pichinson, Corpus Christi, for petitioner.

Meredith & Donnell, William A. Abernethy and Frank E. Weathered, Corpus Christi, for respondent.

BARROW, Justice.

This suit was filed by James Craig France to recover medical expenses allegedly owed by American Indemnity Company under a compromise settlement agreement entered into by the parties in settlement of a worker's compensation claim. *See* Tex. Rev.Civ.Stat.Ann. art. 8306, § 7 & art. 8307, § 12. The trial court rendered a take-nothing judgment after a jury trial and the court of appeals affirmed in an unpublished opinion. See Tex.R.Civ.P. 452. We reverse the judgments of the lower courts and render judgment for France in part and remand in part to the trial court.

In June 1975, France, a carpenter, dislocated his left shoulder while in the course and scope of his employment for Wallingford Builders and filed a workers' compensation claim against American Indemnity, the compensation carrier for Wallingford Builders. The treating physician, Dr. William Swan, advised France that there was about a twenty percent chance of a recurrent dislocation of the shoulder and recommended he have surgery to prevent future shoulder dislocations. In May 1977, while that claim was still pending, France suffered a second dislocation while lying in bed. The shoulder was again repositioned and Dr. Swan warned France he would be a danger to himself if he did not undergo the surgical procedure. France, however, chose not to have surgery at that time.

On September 30, 1977 France and American Indemnity entered into the compromise settlement agreement in question. Under the terms of this agreement, American Indemnity agreed to pay all future hospital and medical expenses resulting from the June 1975 injury which were incurred prior to March 30, 1978. This compromise settlement agreement was approved by the Industrial Accident Board.

On December 27, 1977, France's shoulder again became dislocated while he was working for James Redford, a subcontractor under Nash Phillips-Copus. France then informed both Dr. Swan and the adjuster-representative for American Indemnity that he wished to have surgery. The adjuster wrote Dr. Swan on January 4, 1978 and authorized the surgery. The operation was performed two days later and approximately $2,200 in medical expenses were incurred. The medical bills were submitted to the adjuster, who refused to pay them upon learning the shoulder became dislocated while France was working for Redford. On February 21, 1978 the adjuster, by letter, advised France and all parties who had submitted medical bills relating to the January 1978 operation that American Indemnity would not pay these bills. The adjuster also suggested that the claim be made against the workers' compensation carrier for the December 1977 employer. France did this; however, Home Indemnity Company denied liability because Redford was a subcontractor of Nash Phillips-Copus and his employees were not covered by Home Indemnity's policy.

On October 16, 1978 this suit was filed against American Indemnity for breach of contract and, in the alternative, against Home Indemnity under the Workers' Compensation Act. Immediately prior to trial, France settled the claim against Home Indemnity for $500. None of the medical expenses at issue were paid by Home Indemnity. Two special issues were submitted to the jury and were answered as follows:

SPECIAL ISSUE NO. 1.

What amount, if any, do you find from a preponderance of the evidence was the hospital and medical expense incurred after September 30, 1977, *resulting from* Plaintiff's injury sustained on June 20, 1975?

ANSWER: $2,192.10

SPECIAL ISSUE NO. 2.

Do you find from a preponderance of the evidence that James Craig France received an injury on December 27, 1977, while employed by James E. Redford?

ANSWER: We do. (emphasis added).

The trial court rendered a take-nothing judgment on this verdict. Although the

court of appeals rejected American Indemnity's contention that France had abandoned the compromise settlement agreement as a matter of law, it affirmed the take-nothing judgment after concluding that France had not established that American Indemnity had breached the compromise settlement agreement by refusing to pay the medical bills in dispute. This conclusion was based on "acts of appellant [France] inconsistent with an assertion of his rights under the compromise settlement agreement."

■ France urges that he is entitled to judgment for the disputed medical expenses under the jury's finding to Special Issue No. 1. We agree. Under the express terms of the compromise settlement agreement, American Indemnity agreed to pay for all future medical expenses *resulting from the June 1975 injury* which were incurred prior to March 30, 1978. The medical bills in question were incurred prior to this date. The disputed issue was whether the medical expenses resulted from the June 1975 injury as urged by France or the December 1977 injury as urged by American Indemnity. By its answer to Special Issue No. 1, the jury found that $2,192.10 of these bills resulted from the June 1975 injury.

Special Issue No. 2 does not inquire whether the shoulder operation was caused entirely or in part by the December 1977 injury. It simply inquires about the undisputed fact that France had sustained an injury on December 27, 1977 while working for Redford. This finding does not conflict with the finding in Special Issue No. 1.

By letter of February 21, 1978, American Indemnity refused to pay the medical expenses incurred by France's surgery. This refusal was uncontradicted and constituted a breach of the compromise settlement agreement. The court of appeals erred in concluding otherwise.

■ American Indemnity seeks affirmance of the court of appeals' judgment upon the theory that the contract was abandoned by France "through his inconsistent acts." Whether this contention is couched in terms of "abandonment" or "election of remedies," both are affirmative defenses and must be pleaded. *Bocanegra v. Aetna Life Ins. Co.,* 605 S.W.2d 848, 850 (Tex.1980); *Mid-Tex Construction Corp. v. Passero,* 430 S.W.2d 515, 517 (Tex.Civ.App.—El Paso 1968, writ ref'd n.r.e.); *Vratis v. Baxter,* 315 S.W.2d 331, 340 (Tex.Civ.App.—Beaumont 1958, writ ref'd n.r.e.); Tex.R.Civ.P. 94. American Indemnity only pleaded a general denial and this was not sufficient to raise these affirmative defenses. In any event, no issues were requested and neither defense is established as a matter of law.

■ The trial court concluded as a matter of law that France was not entitled to recover his attorney's fees under article 2226[1] because there had been no presentment of the medical bills to American Indemnity. We disagree. The uncontroverted evidence establishes that the medical bills were promptly forwarded to American Indemnity's adjuster-representative who had handled this claim from the outset. Also, France contacted the adjuster by telephone regarding payment of the bills. American Indemnity rejected these demands in its letter to Dr. Swan. This suit was filed several months after that rejection.

The purpose of the requirement in article 2226 for presentation of a claim is to allow the party against whom it is asserted an opportunity to pay a claim within thirty days after he has notice of the claim without incurring an obligation for attorney's

---

1. Article 2226, Tex.Rev.Civ.Stat.Ann., provides, in part:

Any person, corporation, partnership, or other legal entity having a valid claim against a person or corporation for services rendered, labor done, material furnished, overcharges on freight or express, lost or damaged freight or express, or stock killed or injured, or suits founded upon a sworn account or accounts, or

suits founded on oral or written contracts, may present the same to such persons or corporation or to any duly authorized agent thereof; and if, at the expiration of 30 days thereafter, payment for the just amount owing has not been tendered, the claimant may, if represented by an attorney, also recover, in addition to his claim and costs, a reasonable amount as attorney's fees.

fees. No particular form of presentment is required. *Jones v. Kelley,* 614 S.W.2d 95, 100 (Tex.1981). At the very least, a fact issue was raised here as to presentment. American Indemnity is not in a position to assert that no demand for payment was made because it treated presentment of the medical bills and the telephone call from France as a demand for payment. *See National Life & Accident Ins. Co. v. Dove,* 141 Tex. 464, 174 S.W.2d 245, 247 (1943). The trial court erred in not permitting France to offer evidence of reasonable attorney's fees.

We reverse the judgments of the courts below. We render judgment that France recover the sum of $2,192.10 with interest from February 27, 1981 in payment of the medical expenses resulting from the June 1975 injury. We sever and remand France's claim for attorney's fees to the trial court. Tex.R.Civ.P. 503.