Thomas J. TIERNEY, Appellant,

v.

LANE, GORMAN, TRUBITT & COMPANY, Appellee.

No. 13-83-209-CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 31, 1984.

Eugene W. Brees, II, Thompson & Knight, Dallas, for appellant.

Michael P. Lynn, Michael Lowenberg, Robert B. Luther, Akin, Gump, Strauss, Hauer & Feld, Dallas, for appellee.

Before UTTER, BISSETT and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from the granting of a summary judgment. The appeal involves a dispute over whether Lane, Gorman, Trubitt & Company (hereinafter called "plaintiff") is required to pay additional rent for parking spaces under a lease for office space in an office building. The lawsuit arose as a result of the demand of Thomas J. Tierney (hereinafter called "defendant") that plaintiff pay additional rent for the parking spaces for which plaintiff made payment under protest.

Plaintiff brought this suit to obtain a declaratory judgment that it was entitled to the use of thirty-two parking spaces without payment of any additional fees. Plaintiff also sought to recover the monies it had paid for the use of the thirty-two spaces before and during the pendency of the lawsuit, plus interest and attorney's fees. Additionally, plaintiff filed a claim under the Texas Consumer Protection—Deceptive Trade Practices Act, but that claim is not before this Court.

Both parties moved for summary judgment. The trial court granted plaintiff's motion on all grounds except those predicated on the Texas Consumer Protection—Deceptive Trade Practices Act for which the trial court granted defendant's motion. An interlocutory summary judgment was rendered on March 3, 1982. The trial court decreed: (1) that plaintiff was entitled to the thirty-two parking spaces under the lease in question; and, (2) that defendant could not assess any fees for the use of such parking spaces other than the rent presently paid for the leasehold. The issues regarding attorney's fees and the payments which had been paid by plaintiff to the defendant were set down for a trial. Final judgment, which incorporated the interlocutory summary judgment therein, was rendered on July 19, 1982. It further decreed: (1) that defendant pay plaintiff $10,500.00 attorney's fees; (2) that defendant reimburse plaintiff in the amount of $14,400.00 for the rent from January, 1980, through June, 1982, which plaintiff had paid under protest; and, (3) that defendant pay all pre-trial interest in the amount of $1,116.00.

Defendant has raised four points of error on appeal. In his first point of error, defendant asserts that the trial court erred in granting plaintiff's motion for summary judgment on the ground that the July 1, 1979 lease unambiguously permitted him to assess a reasonable parking fee for the parking spaces allocated to plaintiff. In the second point of error, he contends that the trial court erred in overruling his motion for summary judgment because the July 1, 1979 lease was unambiguous and, as a matter of law, permitted him to assess a reasonable parking fee for the parking

spaces allocated to plaintiff. Alternatively, defendant, in his third point of error, asserts that the trial court erred in granting plaintiff's motion for summary judgment on the ground that the July 1, 1979 lease was ambiguous with respect to defendant's right to charge a reasonable parking fee, and the resolution of such ambiguity was a question of fact. In his fourth point of error, defendant claims that the trial court erred in awarding attorney's fees to plaintiff under TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1982–1983) since plaintiff failed to plead and prove presentment of the claim. Points one, two, and three are interrelated and shall be treated together.

The Supreme Court, in *R & P Enterprises v. LaGuarta, Gavrel & Kirk,* 596 S.W.2d 517 (Tex.1980), laid out the following rules of interpretation of contracts regarding possible ambiguous contractual provisions: The question of whether a lease is ambiguous is one of law for the court. The court should give effect to the intentions of the parties by examining the entire instrument and interpreting them so that none of the instrument's provisions will be rendered meaningless. An instrument is not ambiguous if it is worded so that a court may properly give it a certain or definite legal meaning. If an instrument is worded so that, after the application of the established rules of interpretation, it is genuinely uncertain which of two meanings is proper, it is ambiguous. When the instrument remains reasonably susceptible to more than one meaning after the correct rules of interpretation have been applied, extraneous evidence is then admissible to determine the instrument's true meaning. Where the instrument is ambiguous and extraneous evidence is considered, a summary judgment based on a record is normally improper. With these rules of interpretation before us, we will examine the lease involved in this case.

■ The lease in question was dated July 1, 1979, and was entitled:
"National Health Insurance Company Office Lease."

National Health Insurance Company, the lessor and owner of the office building at the time of the execution of the lease, executed the lease with plaintiff, the lessee, on July 1, 1979. The lease was for a term of five (5) years. Defendant acquired ownership of the office building in December, 1979. The lease includes two sections to which our attention is directed: one section entitled "Definitions and Basic Provisions," subsections (c) and (i), and another section entitled "Granting Clause."

Subsection (c) defines the "Demised Premises" as "approximately 9,500 square feet on Floor 2 in the building located at 2301 North Akard in Dallas County, Texas, such premises being shown and outlined on the plan attached hereto as Exhibit A." Subsection (i) defines "Parking Lot Space" as "See Exhibit C." Both definitions thus refer to exhibits.

The "Granting Clause" reads as follows: "In consideration of the obligation of the Tenant to pay rent as herein provided and in consideration of the other terms, covenants, and conditions hereof, Landlord hereby demises and leases to Tenant, and Tenant hereby takes from Landlord, the Demised Premises to have and to hold the same for the lease term specified herein, all upon the terms and conditions set forth in this lease."

The parties in this case dispute whether the defendant may charge a reasonable fee for the use of thirty-two parking spaces allocated to the plaintiff by the lease. The resolution of this issue first requires an interpretation of the following language from Exhibit C to the lease:
"Tenant is entitled to twenty-five percent of the total parking spaces which total is one hundred thirty spaces, or a total of thirty-two spaces."

Defendant argues (1) that plaintiff obtained no right to use the parking spaces, to which plaintiff is "entitled" under the lease, without the payment of additional consideration because the parking spaces were not included under the definition of "Demised Premises" in the lease; and, (2) that the granting clause of the lease gave plaintiff

the right to use only the defined "Demised Premises" without incurring an extra charge. The effect of this argument is to sever Exhibit C from the remaining portions of the agreement and to treat it as a separate lease.

The lease instrument in this case is not susceptible to more than one meaning. The only interpretation of the entire instrument which will not render any of its provisions meaningless is that plaintiff, in leasing the described "Demised Premises," also obtained the right to use the thirty-two described parking spaces for the duration of the lease without having to pay additional consideration for them. We hold that the lease in question is unambiguous and that it does not permit defendant the right to assess a reasonable parking fee for the spaces involved. Accordingly, defendant's first three points of error are overruled, and the judgment of the trial court is affirmed as to plaintiff's right to use the parking spaces in question without any additional charge and in ordering defendant to pay back $14,-400.00 to plaintiff plus pre-trial interest in the amount of $1,116.00.

We now turn to defendant's fourth point of error wherein he asserts that the trial court erred in awarding attorney's fees to plaintiff under TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1982–1983) because plaintiff failed to plead and prove presentment of its claim as required by the statute. The record shows that plaintiff did plead for a recovery of attorney's fees. The record further shows that defendant's pleadings did not deny presentment of plaintiff's claim; it only denied that the charges were improper.

Plaintiff asserts that it presented its claim for a recovery of the monies paid under protest in a letter written by plaintiff's counsel and sent to defendant's counsel. The letter was dated January 31, 1980. Its pertinent contents read as follows:

"Second, it is rather clear that Lane, Gorman is entitled to the thirty-two spaces for the entire term of the lease, and that your client has no right to charge any money for the thirty-two spaces.

Accordingly, my client will not agree that it owes any amount of money for the parking spaces. In order to protect its leasehold interest and to minimize any inconvenience to its partners and employees, however, a $480 payment will be delivered to the building management by Lane, Gorman as the amount claimed due for February of 1980. This payment does not constitute or reflect any admission that any parking fee is lawfully owing to your client nor is it a waiver by Lane, Gorman of its lawful entitlement to occupy the parking spaces without payment of any fee and to seek a judicial declaration establishing such entitlement. To the contrary, Lane, Gorman will continue to insist upon its absolute legal entitlement to use the thirty-two parking spaces without being subjected to the improper charges."

Plaintiff also asserts that the notation on the back of a check dated February 1, 1980, which was used to pay rent on the parking spaces substantiates a presentment of the claim. The notation on the back indicates that the rent payment was made under protest and refers to the letter of January 31, 1980.

TEX.REV.CIV.STAT.ANN. art. 2226 (Vernon Supp.1982–1983) provides for the recovery of a reasonable amount of attorney's fees, in addition to one's claim and court costs, for the successful prosecution of a suit founded on a written contract. A necessary requisite for the recovery of attorney's fees is the *presentment* of the claim to the opposing party and the failure of that party to tender performance within 30 days after the presentment. The statute further provides that it is to "be liberally construed to promote its underlying purposes." The purpose of the requirement for presentment of a claim is to allow the person against whom it is asserted an opportunity to pay a claim within 30 days after they have notice of the claim without incurring an obligation for attorney's fees. No particular form for presentment is required. *Ashford Development, Inc. v. US Life Real Estate Services Corp.,* 661 S.W.2d 933

(1983); *France v. American Indemnity Co.,* 648 S.W.2d 283 (Tex.1983); *Jones v. Kelley,* 614 S.W.2d 95 (Tex.1981).

In *Huff v. Fidelity Union Life Insurance Co.,* 158 Tex. 433, 312 S.W.2d 493 (1958), the Texas Supreme Court held that sufficient demand was made by plaintiff on defendant to entitle plaintiff to recover attorney's fees. The proof relied upon by plaintiff to show demand consisted of letters written by plaintiff to defendant. Plaintiff's last letter ended by saying "I trust that this letter will be final and renewals will be forthcoming." The Texas Supreme Court stated that the letters and oral demands, by which plaintiff sought payment from defendant insurance company of certain renewal overriding commissions that defendant consistently refused to pay, constituted a sufficient demand for payment of plaintiff's claim to entitle plaintiff to attorney's fees under Article 2226. The Texas Supreme Court in *Huff* quoted from *National Life and Accident Insurance Co. v. Dove,* 141 Tex. 464, 174 S.W.2d 245 (1943) regarding the requisites of a demand under Article 2226, stated:

> " * * * In order to meet the terms of the statute it is not indespensible that the demand be evidenced by firm and comanding language. It may be couched in the customarily-used polite language of the day. All that is required is the assertion of the right under the contract and a request for compliance therewith. * * *" *Huff* at p. 500.

In the instant case, the fact that plaintiff made the parking fee payments under protest and indicated that. it would "continue to insist" that it was entitled to the parking spaces without charge was sufficient to place defendant on notice of plaintiff's asserted rights under the existing contract and plaintiff's implicit demand for the recognition and performance of the obligation on which such rights rested, and "it does not matter in what terms the demand may be couched." *See Huff* at p. 500.

In accordance with the statutory mandate that Art. 2226 is to "be liberally construed to promote its underlying purposes,"

we hold that plaintiff did prove presentment of its claim as required by TEX.REV. CIV.STAT.ANN. art. 2226 (Vernon Supp. 1982–1983); therefore, the award of attorney's fees was proper, and appellant's fourth point of error is overruled. The judgment of the trial court is AFFIRMED.

BISSETT, Justice, dissenting.

I respectfully dissent from that portion of the majority's opinion which holds that "plaintiff did prove presentment of its claim," and I further dissent from that portion of the judgment which awarded plaintiff $10,500.00 for attorney's fees. In my opinion, neither the letter of January 1, 1980, nor the notations on the back of the check dated February 1, 1980, constituted a *presentment* of plaintiff's *claim,* as required by art. 2226.

The majority relies on *Ashford Development, Inc. v. U.S. Life Real Estate Services Corp.,* 661 S.W.2d 933 (1983); *France v. Anniversary Indemnity Co.,* 648 S.W.2d 283 (Tex.1983); *Jones v. Kelley,* 614 S.W.2d 95 (Tex.1981); *Huff v. Fidelity Union Life Insurance Co.,* 158 Tex. 433, 312 S.W.2d 493 (1958); and *National Life and Accident Insurance Co. v. Dove,* 141 Tex. 464, 174 S.W.2d 245 (1943). Such reliance is misplaced since those cases are distinguishable on the facts from the instant case.

In the *Ashford* case, supra, Ashford sent a letter "requesting a refund of its $11,000.00 commitment fee." The Court held that "this was a sufficient presentment of the claim to meet the requirements of art. 2226." In the case at bar, the letter from plaintiff's counsel to. defendant's counsel did not request a refund of any of the monies paid under protest.

In *France,* supra, ". . . [T]he uncontroverted evidence establishes that the medical bills were promptly forwarded to American Indemnity's adjuster-representative who had handled this claim from the outset." Moreover, the evidence further showed that "France contacted the adjuster by telephone regarding payment of the bills." The Court held that under these facts, "American Indemnity is not in a position to

assert that no demand for payment was made," and, consequently, "the trial court erred in not permitting France to offer evidence of reasonable attorney's fees." Here, plaintiff never sent defendant a bill for a refund, nor did it ever contact defendant regarding a refund or payment of the monies paid under protest.

In *Jones v. Kelley,* supra, Jared L. Kelley and wife, Olga Kelley and the Texas Veterans Land Board sued Eugene Jones and wife, Della Mae Jones, for specific performance of the earnest money contracts for the sale of a tract of land. According to the opinion,

> "The Jones couple later refused to convey the property. On September 7, 1977, the Joneses sent a letter to the Veterans Land Board advising them that they would not go through with the sale. The Veterans Land Board replied, by letter to the Joneses, that the Kelleys intended to go through with the sale. Further, an uncontroverted transcript of a telephone conversation appears in the record between Mrs. Kelley and Mr. Jones in which Mrs. Kelley repeatedly told Mr. Jones of her determination to go through with the sale."

With respect to the question of whether there had been a presentment of the contract claim in order for attorney's fees to be awarded, the Court, on page 100 of the published opinion, said:

> " . . . A necessary requisite for the recovery of attorney's fees is the presentment of the contract claim to the opposing party and the failure of that party to tender performance."

The Court held that "the letter sent by the Veterans Land Board to the Joneses and the transcript of the telephone conversation between Mrs. Kelley and Mr. Jones established presentment as a matter of law." The transcription of the telephone conversation shows that Mrs. Kelley told Mr. Jones:

> "Well, sir, we are not in any way going to sell that land to anyone else when we so desparately (sic) want it for ourselves. Now I am going to tell you, we have contacted a lawyer and you will be hearing from him. The Land Board is notified of the facts that you are trying to back out of the deal, and we will not in any way give up this piece of land. We have too much money invested in it now." 614 S.W.2d 95, 100 n. 4.

The letter from the Veterans Land Board was not reproduced in the opinion. All that we know is that the letter, *together* with the telephone conversation, constituted a sufficient demand for specific performance of the contract sued upon by the Kelleys. In *Jones v. Kelley,* there was an emphatic *demand* that the Joneses comply with the contracts of sale. In the instant case there is no language in the letter which, under the most liberal construction, can be construed as a demand, or even a request, that the monies paid for back payments of parking fees be repaid to plaintiffs.

The word "demand" was defined in *Penn. Mutual Life Ins. Co. v. Maner,* 101 Tex. 553, 109 S.W. 1084 (1908) as "a request to do a particular thing specified under a claim of right on the part of the persons requesting." That definition was approved in *National Life & Accident Ins. Co. v. Dove,* supra, wherein the Court noted, as mentioned in the majority opinion, that the "demand," or request, need not be in "firm and commanding language," but may be "couched in the customarily-used polite language of the day." However, the Court did say that "there must be an assertion of a right and a demand for the recognition and performance of the obligation upon which such right rests." In *Dove,* plaintiff's counsel, by letter, notified defendant that plaintiff "is filing his claim (for disability) covering his illness to date," and requested that it be given "immediate attention." The defendant, by letter, replies: "This acknowledges your letter of May 25th with which you sent us disability claims filed by Lemmie C. Dove." There, the defendant insurance company "recognized that a claim had been filed." This is not so in this appeal. The letter from plaintiff's counsel, dated January 30, 1980, while asserting that it had a legal right to use the "thirty-two spaces" free of charge, did not demand or

request that the defendant refund or repay the monies that had previously been paid as parking fee payments.

In *Huff v. Fidelity Union Life Insurance Company,* supra, plaintiff sued for renewal commissions as agent and renewed overwriting commissions as branch manager which he claimed defendant owed him. The evidence showed that plaintiff, by "oral demands and the letter asserting plaintiff's claims were made known to defendant and defendant contended that it did not owe the items for which plaintiff was asserting his claim." The Court said there was a proper presentment of the claim under art. 2226, and further said, at page 498 of the published opinion:

"Under this statute it has been held that a demand for a claimed amount due must be presented to the debtor alleged to owe the money to plaintiff, and that this demand must be made at least 30 days prior to a judgment in favor of claimant against the debtor. *Gateley v. Humphrey,* 1952, 151 Tex. 588, 254 S.W.2d 98; *United States Life Ins. Co. v. Hamilton,* Tex.Civ.App. 1951, 238 S.W.2d 289 (1, 2)."

In the case at bar, there was no demand by plaintiff for "a claimed amount due" which was presented to defendant.

An examination of the letter in question from its four corners, reveals that it does not make a *demand* of any kind or character for refund of monies previously paid. An examination, sentence by sentence, of the letter shows the following, and nothing more: 1) plaintiff is entitled to use the thirty-two spaces free of charge; 2) plaintiff does not owe any money for the parking spaces; 3) plaintiff will pay defendant $480.00 as the amount claimed by defendant to be due for the month of February, 1980; 4) such payment was not to be considered as any admission that any parking fee is lawfully owed by plaintiff to defendant, nor is such payment to be considered as a waiver of plaintiff's legal right to occupy the parking spaces and to seek a judicial determination of such legal right; and 5) plaintiff will continue to insist upon its legal right to use the parking spaces without charge.

The letter is nothing more than a statement of plaintiff's legal rights, a *protest* of the parking fees charged by defendant, counsel's views relating to plaintiff's rights, and an assertion that payment of the $480.00 was not to be regarded as an admission that the parking fees are lawfully owing or as a waiver of plaintiff's legal right to have the issue determined by litigation. The letter, giving it a most liberal construction, does not constitute a demand for refund of any of the $14,400.00 previously paid by plaintiff.

Plaintiff also asserts that the notation on the back of the check dated February 1, 1980 in payment of parking fees on the thirty-two spaces constitutes a presentment of the claim. I disagree. The notation only indicates that the payment was made under protest and refers to the letter of January 31, 1980. The notation, either by itself or in conjunction with the letter of January 31, 1980, does not constitute a proper presentment of plaintiff's claim and a demand that the claim be paid.

Unquestionably, it is well established that no particular form of presentment of a claim is required in order to supply the basis for an award of attorneys' fees. Likewise, it is well established that the presentment (demand) for payment of a claim need not be evidenced by "firm and commanding language," but "may be couched in customarily-used polite language of the day." However, it is equally well established that, irrespective of the form of the presentment, whether it be in writing or oral, in forceful language, or otherwise, 1) assertion of a right, *and* 2) a demand for the amount claimed to be due *must* be presented to the defendant alleged to owe the debt or obligation to the plaintiff before there can be an award for attorneys' fees under art. 2226. In the case at bar, plaintiff did assert a right to use the parking spaces without charge, but it did not *demand* that any money previously paid for the use of the spaces be paid to it by defendant. There is nothing in the letter which will support even an inference that plaintiff claimed that defendant owed it $14,400.00.

The making of some type of a *demand* for payment of a claim is an *essential element* for the recovery of attorney's fees. *International Security Life Insurance Company v. Redwine*, 481 S.W.2d 792 (Tex. 1972); *Jones v. Kelley*, supra; *Huff v. Fidelity Union Life Insurance Company*, supra; and *National Life & Accident Insurance Company v. Dove*, supra. The award of attorney's fees was improper. Defendant's fourth point of error should be sustained.

I would reform the judgment to eliminate the award of attorney's fees, and as reformed, would affirm the judgment.