NO









NO. 12-08-00442-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

BARBARA ANN SMITH SANDERSON

F/K/A BARBARA ANN SMITH,

APPELLANT                                                     '     APPEAL
FROM THE 123RD

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

JOHN R. SMITH,                                               '     SHELBY
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Appellant,
Barbara Ann Smith Sanderson, appeals from a judgment in favor of Appellee, John
R. Smith.  On appeal, Barbara contends that the trial court erred by
determining that John is in compliance with the divorce decree, and that the
election of remedies and theories of recovery in Barbara’s motion are
insufficient to support a recovery.  We reverse and remand.

 

Background

            John
and Barbara entered into an agreed final decree of divorce on February 16, 1996
after thirty-three years of marriage.  In the divorce decree, the parties
contractually agreed to alimony payments for ten years.  The relevant alimony
section of the divorce decree is as follows:

ALIMONY

 

Contractual Obligations

                The alimony obligations undertaken by Paying
Party in this Decree are contractual in nature, and [are] not . . . obligation[s]
imposed by order or decree of the Court.

 

            Terms, Conditions, and Contingencies 

                The terms of these contractual alimony
provisions as set forth below will further be stipulated by the parties in the
Agreement Incident to Divorce signed of even date herewith.

 

                          Insurance Amount.  JOHN
R. SMITH agrees to pay for the benefit of BARBARA ANN SMITH the sum of $221.95
per month for health and dental insurance for a period of 12 months as ordered
hereinabove, and shall pay said insurance premiums directly to the current
provider of her medical and dental insurance for medical and dental coverage for
BARBARA ANN SMITH.  Said sum shall be paid as follows:  for the period
beginning on February 1, 1996, with a like payment being due and payable on the
1st of each month thereafter and continuing through and including January 1,
1997.  JOHN R. SMITH shall pay the monthly sum of $221.95 to the health
insurance agency presently providing health and dental insurance coverage for
BARBARA ANN SMITH through JOHN R. SMITH’[s] health insurance plan with the
State of Texas.

 

Mortgage Amount. JOHN R. SMITH agrees to pay, beginning on February 1, 1996, with a
like payment being due and payable on the 1st of each month thereafter and
continuing until and including December 22, 2006, the mortgage balance and any
past-due monthly installment on the residence located at 405 Pine Terrace,
Center, Shelby County, Texas, hereinabove awarded to Counter-Respondent in
the approximate amount of $62,674.34 as and for alimony, directly to the
mortgagee, CITIZEN’S FEDERAL BANK, P.O. Box 5248, Ft. Lauderdale, Florida
33310-5248, in monthly installments of $674.26 until such time that the sum is
paid in full, the home is sold, or upon the expiration of ten (10) years from
January 22, 1996, whichever occurs first.

 

Term for Mortgage 

 

                    The payments will be for a term of
ten (10) years and will continue until January 22, 2006, or until the mortgage
is paid in full.

 

          In the event BARBARA A. SMITH elects to sell
the residence prior to expiration of the full ten-year term, JOHN R. SMITH is
obligated to pay the remaining balance in monthly installments of $674.26 to
BARBARA ANN SMITH under the terms of the mortgage during said 10-year alimony
obligation, and shall pay any balance then remaining on the mortgage, which
payoff amount is $62,674.34 as of January 15, 1996, after expiration of said
10-year term directly to BARBARA ANN SMITH within 30 days from the date of the
last alimony payment within the ten-year period.

 

                John made
payments according to the alimony agreement until November 30, 2000.  On that
date, Barbara sold the house located at 405 Pine Terrace, Center, Shelby
County, Texas.   The balance of the loan owing to Citizen’s Federal Bank was
paid in full.  On July 12, 2001, Barbara filed a motion for enforcement of the judgment
alleging, in part, that John failed to pay her the monthly payment of $674.26
according to the parties’ agreement and divorce decree after payment and
discharge of the promissory note.  On March 11, 2003, the trial court signed a
judgment that, in part, ordered a severance of Barbara’s claims. John appealed
this judgment. On October 29, 2004, we reversed the trial court’s judgment and
remanded the case to the trial court for further proceedings. See Smith
v. Sanderson, No. 12-03-00137-CV, 2004 WL 2422257, at *3 (Tex.
App.–Tyler Oct. 29, 2004, no pet.) (mem. op.).  

            On
November 15, 2005, Barbara filed a motion for enforcement of the judgment,
alleging that John failed to pay her the balance of the contractual alimony
obligation. More specifically, she alleged that John breached the contract. John
generally denied Barbara’s allegations and alleged the affirmative defense of res
judicata.  On December 20, 2007, the trial court held a hearing on these
live pleadings. On August 8, 2008, the trial court denied all relief sought by
both parties. Later, the trial court entered findings of fact and conclusions
of law.  This appeal followed.

 

Election of Remedies 

            In
her second issue, Barbara challenges the trial court’s conclusions of law,
contending that the trial court erred by determining that the election of
remedies and theories of recovery in her motion are insufficient to support a
recovery. She argues that John did not plead a defense under the doctrine of
election of remedies, and that the statutory and contractual theories of
recovery she pleaded are not inconsistent with one another. We agree.

            We
review a trial court’s conclusions of law de novo. Quick v. Plastic
Solutions of Texas, Inc., 270 S.W.3d 173, 181 (Tex.
App.–El Paso 2008, no pet.).  Erroneous conclusions of law are not binding on
the appellate court.  Id.   Election of remedies is an
affirmative defense that must be pleaded.  France v. American Indem. Co.,
648 S.W.2d 283, 285 (Tex. 1983).  When an affirmative defense, such as
election of remedies, is not pleaded, it is waived.  See T.O. Stanley
Boot Co. v. Bank of El Paso, 847 S.W.2d 218, 223
(Tex.1992); Compass Bank v. MFP Fin. Svcs., Inc., 152 S.W.3d 844,
851 (Tex. App.—Dallas 2005, pet. denied).  

In
its conclusion of law number two, the trial court stated as follows:

 

The election of remedies, and theories of recovery,
promulgated by Petitioner in her Motion to Enforce Judgment are
insufficient to entitle any recovery by Ms. Sanderson from John R. Smith under
the facts of this case.  John R. Smith’s argument in regard to election of
remedies is sound.

 

In
John’s answer to Barbara’s motion filed on November 15, 2005, he did not
specifically plead election of remedies as an affirmative defense.  Further, we
can find nothing in the record showing that John ever affirmatively pleaded
election of remedies. Because John did not plead election of remedies, he has waived
it. See T.O. Stanley Boot Co., 847 S.W.2d at 223; Compass
Bank, 152 S.W.3d at 851.  

            Even
if John had not waived election of remedies as an affirmative defense, Barbara
would still prevail. An election of remedies issue occurs when a plaintiff who has
two inconsistent remedies must elect between them and pursue only one.  See Foley
v. Parlier, 68 S.W.3d 870, 882 (Tex. App.–Fort Worth
2002, no pet.).  Remedies are inconsistent when one of the remedies results
from affirming the transaction and the other results from disaffirming the
transaction.  Id.  A party is entitled to sue and seek damages on
alternative theories but is not entitled to recover on both theories; to do so
is considered equivalent to a “double recovery.”  Id. Here,
Barbara pleaded only one theory of recovery, breach of contract. Nowhere in her
motion does she plead inconsistent remedies. Because Barbara did not plead
inconsistent remedies, the trial court erred in determining that Barbara’s election
of remedies and theories of recovery were insufficient to support a recovery.  See
id. 

Barbara’s
second issue is sustained.

 

Construction of Contract 

            In her first issue, Barbara
challenges the trial court’s conclusions of law, arguing that the trial court
erred by determining that John is in compliance with the terms of the divorce
decree.  She contends that the contractual alimony obligation required John to
pay the mortgage in monthly installments to her for the ten year period even if
the residence was sold.  We agree.  

            “An
agreed divorce decree is a contract subject to the usual rules of contract
interpretation.”  Chapman v. Abbot, 251 S.W.3d 612,
616 (Tex. App.–Houston [1st Dist.] 2007, no pet.); see also McCollough v.
McCollough, 212 S.W.3d 638, 642 (Tex. App.–Austin 2006,
no pet.).  (stating that alimony agreements and other marital property
agreements, even when incorporated into divorce decrees, are enforceable as
contracts and governed by contract law).  In construing an agreement, we first
determine whether it is possible to enforce the contract as written, without
resort to parol evidence. J.M. Davidson, Inc. v. Webster, 128
S.W.3d 223, 229 (Tex. 2003). Deciding whether a contract is ambiguous is a
question of law for the court. Id. In construing a written
contract, the primary concern of the court is to ascertain the true intentions
of the parties as expressed in the instrument. Coker v. Coker,
650 S.W.2d 391, 393 (Tex. 1983).  To achieve this objective, courts
should examine and consider the entire writing in an effort to harmonize and
give effect to all the provisions of the contract so that none will be rendered
meaningless.  Id.  If the written instrument is so worded that it
can be given a certain or definite legal meaning or interpretation, then it is
not ambiguous and the court will construe the contract as a matter of law.  Id. 
On the other hand, if the contract is subject to two or more reasonable
interpretations after applying the pertinent rules of construction, the
contract is ambiguous, creating a fact issue on the parties’ intent. Webster,
128 S.W.3d at 229.

            In
its conclusion of law number one, the trial court stated as follows:

The Agreed Final Decree of Divorce, signed on
February 16, 1996, required John R. Smith to pay the balance on the “note” on
the house at 405 Pine Terrace, Center, Shelby County, Texas, up to the date of
the sale of the property on November 30, 2000.  The evidence presented in all
phases of this case show[s], by clear and convincing evidence, that Mr. Smith
made the monthly payments in compliance with said Agreed Final Decree of
Divorce until the house was sold and has fully complied with all
obligations therein.  Therefore, any monies sought by virtue of the Motion
to Enforcement against John R. Smith are without merit and denied.

 

            Neither
party suggests that the contractual alimony obligation is ambiguous, nor do we
find it to be so. Therefore, we construe the contract as a matter of law. See
Coker, 650 S.W.2d at 393. In order to construe the contractual
alimony obligation, we must examine the entire contract. See id.
The agreement states that the balance of the mortgage, or $62,674.34, is
awarded to Barbara “as and for alimony.”  The balance of the mortgage at the
time of the agreement was $62,674.34.  Under the terms of the agreement, the contractual
alimony obligation and the mortgage balance were the same amount, being
$62,674.34.  

            Next,
we must ascertain how John was to meet his contractual alimony obligation.  He agreed
to pay the mortgage balance in monthly installments of $674.26 directly to the
mortgagee, Citizen’s Federal Bank, beginning on February 1, 1996.  But the
question here is whether John’s contractual alimony obligation was released if Barbara
decided to sell the house and the mortgage was paid in full before the ten year
contractual alimony period ended.  The agreement specifically states that, in
the event Barbara elected to sell the residence prior to the expiration of the
full ten year term, John was “obligated to pay the remaining balance” to
Barbara in the same monthly installments of $674.26 under the terms of the
mortgage during the ten year alimony obligation.  In other words, only the
payee changed if Barbara sold the house and the note to Citizen’s Federal Bank was
extinguished.  John’s “ten year alimony obligation” continued until he paid the
contractual alimony obligation, being the same amount as the mortgage balance,
to Barbara.  The agreement is clear and unambiguous that John had a ten year
alimony obligation whether Barbara sold the residence or not.

            John
argues that we must construe the agreement in such a way that Barbara would be
penalized if she sold the residence before the end of the ten year alimony
obligation.  Nothing in the agreement indicates that this was the intent of the
parties.  The agreement, when considered as a whole, and giving effect to all
provisions, states that if the residence is sold and the mortgage is paid, John’s
contractual alimony obligation is to be paid directly to Barbara rather than to
the mortgage company for the full term of the alimony obligation. See id. 
Reading it this way, all provisions relating to the contractual alimony
obligation have meaning. See id. 

            John
acknowledges that he did not make any payments to Barbara after she sold the
residence.  However, we have concluded that the contractual alimony obligation
required John to pay Barbara the remaining balance of the mortgage note in
monthly installments for the ten year period even if she sold the house.
Because he did not do so, the trial court erred by determining that John is in
compliance with the terms of the divorce decree. Accordingly, Barbara’s first
issue is sustained.  

 

Disposition 

            Having
sustained both of Barbara’s issues, the August 8, 2008 judgment of the trial
court is reversed and remanded to the trial court to
determine the remaining balance of the contractual alimony obligation that John
owes to Barbara.

 



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered July 14, 2010.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)